## CRAWFORD, FOR THE USE OF, ETC., v. BROWN.

1. JURISDICTION OF SUPREME COURT.

A writ of error lies from this court to the court of appeals to review a judgment of that court rendered upon error to the county court.

2. PRACTICE—ORAL INSTRUCTIONS.

The code requires instructions to be given in writing. That the oral charge was taken down by the stenographer, extended by him, and, as so extended, handed to the jury upon their retirement, does not constitute a compliance with the requirement.

*Error to the Court of Appeals.*

Mr. GEO. T. DUNKLEE, Mr. O. E. JACKSON and Mr. D. G. TAYLOR, for plaintiff in error.

Messrs. C. E. and F. HERRINGTON, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This action was commenced in a justice's court by Crawford, the plaintiff in error, as plaintiff. The trial to the justice resulted in a nonsuit. From this an appeal was taken to the county court. In the county court a jury trial was had, which resulted in a verdict and judgment in favor of the plaintiff, Crawford; and the defendant, Brown, sued out a writ of error from the court of appeals. As the result of a review in that court, the judgment of the county court was reversed. See *Brown v. Crawford*, 2 Colo. App. 235. The case comes here by writ of error to the judgment of the court of appeals.

In this court a question has been mooted in reference to the jurisdiction of the court. This must be settled in favor of our jurisdiction. When the court of appeals was created, the legislature was prevented from passing an entirely harmonious act, so far as jurisdiction is concerned, by reason of the following provision of the constitution: "Writs of error shall lie from the supreme court to every final judgment of the county court." Sec. 23, art. 6, constitution.

Under this constitutional provision the legislature perhaps had the power to provide that in cases taken from the county court to the court of appeals and determined by the latter court, writs of error and appeals to the supreme court should only lie as in other cases, but we are not called upon to and we do not pass upon this question. It is sufficient for the purposes of this case to say that the legislature did not thus limit the jurisdiction of this court.

In the first section of the act creating the court of appeals, after fixing a limit upon the jurisdiction of the supreme court,

it is provided, *inter alia*, that the foregoing limitation should not apply to writs of error to county courts. Session Laws 1891, p. 118.

Again, in paragraph 3 of section 4, the same caution is manifested. It provides that the court of appeals shall have jurisdiction, not final, where a franchise or freehold is involved, or where the construction of a provision of the constitution of the state, or of the United States, is necessary to the decision of the case; also in criminal cases or upon writs of error to the judgments of county courts.

To put the jurisdiction of this court beyond all question, it is further provided in section 15 of that act, as follows: "Writs of error from, or appeals to, the supreme court, shall lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance." By the express terms of the constitution, a review might have been had in this court of the judgment of the county court in the first instance, and it necessarily follows from the provision just quoted that such review has not been lost in this case by reason of the review had in the court of appeals.

The judgment of the county court was reversed by the court of appeals for the reason that the jury were instructed orally. Counsel for plaintiff in error does not question the correctness of the law as laid down in the opinion of the court of appeals, but does claim that the record does not sufficiently show that the charge was not written. The record in this case shows affirmatively that before the instructions were given, counsel for defendant objected to oral instructions; also that, after the instructions were given, the defendant especially excepted "because the same were given orally." The facts, as they are to be gathered from this record, are that the instructions were given orally by the judge and taken down at the time by the stenographer. The charge was short and the stenographer extended the same immediately, and, as so extended, they were handed to the jury upon their retirement. This was not a compliance with the stat-

uté.   See Session Laws 1887, p. 156; *Brown v. Crawford, supra.*

Aside from this, the judgment of the county court is not supported by the evidence.   There is no privity of contract shown between the defendant, Brown, and the plaintiff.   The evidence shows that Brown was the owner of two vacant lots, and that he made an arrangement with Coe Brothers whereby they were to build two houses on these lots and then sell the property, and from the amount received pay Brown a certain price for his lots.   After this arrangement was made and the houses built, the evidence tends to show that Coe Brothers agreed to pay Crawford a commission if he would find a purchaser for the lots so improved, or either of them ; but Brown was not a party to this contract, and is in no way bound by this agreement of Coe Brothers.   The judgment of the county court should have been for the defendant, and the judgment of the court of appeals will be affirmed.

*Affirmed.*