## [No. 3658.]

## THE BANK OF AKRON v. DOLE.

1. JURISDICTION.

This court has jurisdiction, upon writ of error, to review a judgment of the court of appeals reversing the judgment of a county court.

2. APPELLATE PRACTICE.

There is no requirement by statute or court rule that in order to obtain a review of a judgment of the court of appeals, the party aggrieved must object to the judgment when it is announced or that exceptions to the decision must be taken or preserved by bill or otherwise.

3. SAME — COURT RULE — NEW ASSIGNMENTS OF ERROR, WHEN REQUIRED.

It is provided by Rule 41 of this court that in cases brought into this court by appeal from or writ of error to any final judgment of the court of appeals, no additional abstracts will be required, unless by special order in particular cases ; but a transcript of the record, with a new assignment of errors, and briefs, shall be filed within the same time as in cases brought up for review from other courts; and in general, the procedure shall be the same in all cases, irrespective of the court rendering the judgment sought to be reviewed.

*Error to the Court of Appeals.*

On motion to quash writ of error and dismiss the same.

Mr. D. E. PARKS, for the motion.

Messrs. STUART & MURRAY, *contra.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action for the recovery of personal property originated before a justice of the peace. It was taken by appeal to the county court of Washington county, where there was a judgment for the plaintiff, which was reversed by the court of appeals upon a writ of error sued out by the defendant below. The appellee there (plaintiff below) brings the case to this court upon writ of error.

Defendant in error (appellant in the court of appeals and defendant below) now moves to dismiss the writ of error upon two grounds, as follows : *First*, a writ of error does not lie from this court in this case to review the judgment of the court of appeals because the case does not come within the strict terms and provisions of section 15 of the act of 1891 (Session Laws of 1891, p. 121) providing that "writs of error from, or appeals to, the supreme court, shall. lie to review every final judgment of the court of appeals in cases which, under this act, might have been taken for review to the supreme court in the first instance."        *Second*, if this court does have appellate jurisdiction of the class of cases to which this belongs, such jurisdiction in the case at bar is not made to appear by the record, and the writ of error is not sued out, prosecuted and perfected in accordance with the rules of this court, or as required in cases brought up for review from the inferior *nisi prius* courts.        In other words, as stated by counsel, there is no record here of the orders and proceedings of the court of appeals, so as to advise this court what the judgment of that court is ; nor is there in the transcript a bill of exceptions containing exceptions to the judgment and proceedings of the court of appeals in respect to those matters here sought to be reviewed.

As to the first ground, it is sufficient to say that this court in a case upon all fours with this has held against the contention of the defendant in error, and that this court has jurisdiction to review a cause brought here as this one is. *Crawford v. Brown*, 21 Colo. 272.        See, also, *Colo. Springs L. S. Co. v. Godding*, 20 Colo. 71.

*Second.* In support of the second proposition we are cited to some decisions of the supreme court of the United States, like *Fisher's Lessee v. Cockerell*, 5 Pet. 252, holding that upon writ of error to the supreme court of a state the record itself must show the jurisdiction of the supreme court of the United States to review the judgment of the court below, and that recourse cannot be had to the assignment of errors in the reviewing court, to the published opinion of the state

court, or the mere certificate of the clerk thereof. Other cases of similar import are : *Medberry v. The State of Ohio,* 24 How. (U. S.) 413; *Reed's Lessee v. Marsh,* 13 Pet. 155.

The purport of these authorities is that what was determined by the lower court must be ascertained, if at all, either from the pleadings, or from the bill of exceptions, or from the certificate of the lower court. No question is here raised by the plaintiff in error as to the correctness of these adjudications. We have no statute or rule of court in all particulars assimilating the practice in appeals from, or writs of error to, the court of appeals to that applicable to reviews of the judgments of courts of original jurisdiction; but, if there were, from the record before us, containing, as it does, the entire record in the original cause, together with the judgment of the court of appeals, which, in all cases brought up therefrom to this court, the statute requires to be certified, we would have no difficulty in ascertaining what was decided in that court.

However, to obtain a review of a judgment of the court of appeals there is no statute, or rule of court, that requires a party aggrieved formally to object to such judgment when it is announced, or at any other time, or that exceptions to the decision need be taken or preserved by bill of exceptions or otherwise. Yet, if there were any such requirement, under section 387 of Mill's Ann. Code, there might be no necessity for a bill of exceptions to preserve the exception, for it would save itself as a part of the record.

But for a more satisfactory reason the contention of the defendant in error is without merit. The provisions of the code and the rules of this court constituting the procedure in taking appeals and prosecuting writs of error where the judgment sought to be reviewed is that of a *nisi prius* court, are not, in the respects contended for, applicable to such a review by this court of judgments of the court of appeals, which latter has only appellate jurisdiction. Section 15 of the act creating the court of appeals provides that " when any such case is taken to the supreme court all pleadings,

abstracts, papers, briefs and other things pertaining to the case shall be transferred to the supreme court and new briefs and abstracts shall not be required except by special rule in particular cases." From these things required to be transferred it is apparent that no difficulty would be experienced by this court in ascertaining what was the decision of the court of appeals in any particular case.

Supplementing this provision is rule 41 of this court (to which the attention of the profession is called), as follows:.

"In cases brought into this court by appeal from or writ of error to any final judgment of the court of appeals, no additional abstracts will be required, unless by special order in particular cases; but a transcript of the record, with a new assignment of errors, and briefs shall be filed within the same time as in cases brought up for review from other courts; and in general the procedure shall be the same in all cases, irrespective of the court rendering the judgment sought to be reviewed."

In harmony with the view taken by us is the decision of the supreme court of Illinois in *Pardridge v. Morgenthau,* 157 Ill. 395, wherein it said:

"The appellate courts of this state exercise appellate jurisdiction only, and in large classes of cases the judgments, orders and decrees of those courts are final. Neither at the common law nor by the statute of Westminster, 2 Edward I. ch. 31, was there any occasion or provision for taking a bill of exceptions from a court which was a court of review only, or from a court in the exercise of its jurisdiction as a court of errors, and our statutes have not provided for the giving of a bill of exceptions by the appellate courts."

As our court of appeals closely corresponds to the appellate courts of Illinois, the decision quoted from is applicable to the question now before us. It follows that the motion to dismiss the writ of error should be denied, and it is so ordered.

*Motion denied.*