**[No. 3642.]**

MUNN v. CORBIN ET AL.

1. PRACTICE—APPEAL FROM COURT OF APPEALS.
Under Rule 50 of the supreme court, in order to secure a hearing and determination by the supreme court of an appeal from, or writ of error to, any final judgment of the court of appeals, it is imperative that appellant or plaintiff in error shall file a new assignment of errors, and briefs within the same time as in cases for review from other courts.

*Error to Court of Appeals.*

Mr F. A. WILLIAMS and Mr. G. Q. RICHMOND, for plaintiff in error.

Mr. GEORGE N. HURD, Mr. GEORGE F. DUNKLEE and Mr. O. E. JACKSON, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

From a judgment against him in the district court of Arapahoe county the plaintiff in error here appeals to the court of appeals. In the latter court the judgment of the trial court was affirmed, and the opinion, exhibiting much research and evincing a careful examination of the questions raised, is reported in 8 Colorado Appeals, at page 113. To the judgment of the court of appeals the appellant there (plaintiff in error here) seeks to prosecute a writ of error.

A transcript of the record, and the original briefs used in the court of appeals, were filed in this court on August 18, 1896. Plaintiff in error has not filed a new assignment of errors or additional briefs in this court, or taken any steps whatever in the case except the mere filing of the documents aforesaid.

Rule 50 of this court under the compilation of September 13, 1897,— being rule 41 of the preceding book of rules —was adopted May 22, 1895. In order to secure a hearing and determination by this court of an appeal from, or writ of error to, any final judgment of the court of appeals, this rule makes it imperative that the appellant, or plaintiff in error, shall, among other things, file a new assignment of errors and briefs within the same time as in cases brought up for review from other courts. This rule not having been complied with by the plaintiff in error here, the writ is dismissed.

We are less reluctant strictly to enforce this rule in the case at bar because the parties have had one appeal where all the questions involved have been thoroughly considered.

*Dismissed.*