[No. 3863.]

BITTER v. THE MOUAT LUMBER AND INVESTMENT CO. ET AL.

1. APPELLATE PRACTICE—ERROR TO COURT OF APPEALS—ASSIGNMENT OF ERRORS AND BRIEFS.

Under Rule 48, supreme court rules, it is imperative that plaintiff in error file a new assignment of errors and briefs in cases brought to the supreme court by writ of error to the court of appeals in the same time as is prescribed in cases brought up for review from other courts.

2. SAME.

An assignment of errors that merely charges that the court of appeals erred in affirming the judgment of the lower court and in overruling a motion for rehearing is not such an assignment as will be considered by the supreme court, and fails to comply with Rule 11 requiring that each error shall be separately alleged and particularly stated.

*Error to the Court of Appeals.*

Mr. H. B. O'REILEY, for plaintiff in error.

Messrs. DOUD & FOWLER, for defendants in error.

PER CURIAM. This is an action to enforce a mechanic's lien on real property. Our jurisdiction is not conferred by

the nature of the controversy, but attaches by reason of the fact that the judgment reviewed by the court of appeals was rendered by a county court. *Crawford v. Brown*, 21 Colo. 272; *Bank of Akron v. Dole*, 24 Colo. 94; *Robinson v. D. & R. G. R. R. Co.*, 24 Colo. 98.

In cases brought here by writ of error to any final judgment of the court of appeals, Rule 48 of this court makes it imperative for the plaintiff in error to file a new assignment of errors and briefs within the same time as in cases brought up for review from other courts. The plaintiff in error has filed what is called an assignment of errors, charging that the court of appeals erred (*a*) in affirming the judgment and decree of the county court, and (*b*) in overruling the motion for a rehearing filed by plaintiff in error.

Under Rule 11, which requires that each error shall be separately alleged and particularly specified, this is no assignment at all. It is merely equivalent to stating in general terms that the court of appeals was wrong in its judgment. Moreover, the plaintiff in error has not filed any briefs as prescribed by Rule 48. It is the practice to insist upon the observance of these rules, as announced in previous decisions, and parties who elect to disregard their provisions do so at their peril. *Bank of Akron v. Dole, supra; Munn v. Corbin et al.*, 24 Colo. 381; *Cemetery Assn. v. Denver*, 24 Colo. 500.

For the failure of plaintiff in error to comply with the rules, as above stated, the writ of error should be dismissed and the judgment of the court of appeals affirmed, and it is so ordered.

*Writ of error dismissed and judgment affirmed.*