No. 14,905.

CRAIG *v.* TOTEVE.
(110 P. [2d] 1117)

Decided February 10, 1941.   Rehearing denied March 3, 1941.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiff in error.

Mr. GEORGE H. LERG, Mr. OVAL A. PHIPPS, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

DEFENDANT in error, plaintiff below, sued plaintiff in error (defendant) for $5,150 actual, and $2,500 exemplary, damages allegedly arising from his assault and battery upon her. Defendant pleaded a general denial and as special defenses alleged: (1) That at the time involved plaintiff was trespassing on his land and that he merely ejected her therefrom, using no more force than was necessary so to do; (2) self-defense against plaintiff's assault, and (3) self-defense against an imminent and anticipated attack by the husband and son of plaintiff. By way of cross complaint defendant prayed for $5,005 actual damages and $5,000 exemplary damages said to have been occasioned him as the result of

the encounter. A jury found the issues in favor of plaintiff on her complaint and defendant's cross complaint, and assessed her actual damages at $140, but denied her exemplary damages. Motion for new trial was overruled and judgment entered on the verdict. Defendant here seeks a review of such judgment. Seven assignments of error are presented, none of which, however, have any substantial basis in the record.

■ The altercation, in which both parties received some injury, occurred in a farm field leased by defendant where plaintiff had gone to recapture a cow which had strayed from her adjoining premises. Immediately preceding plaintiff's arrival defendant had started to lead the cow off of his premises. Both agree that plaintiff attempted to take the halter lead from defendant's hands, but beyond this point their stories, as well as those of numerous witnesses, who from varying distances and at different times observed the encounter or its results, are at variance and in conflict. Defendant claimed that the initial injuries inflicted on plaintiff's hands and arms were caused by a stick attached to the halter lead which lashed around whenever the cow lunged. Plaintiff claimed that such resulted from direct blows administered with a club in the hands of defendant, intended to make her release her hold on the halter lead. Defendant testified that a subsequent blow on the head, which caused the greatest injury to plaintiff and, according to her story, knocked her unconscious, was aimed at plaintiff's husband, but accidentally was received by her when she closed in on the defendant. Plaintiff asserted that such blow was struck by defendant before the intervention of her husband in the affray and that the latter's participation was induced thereby. This state of the evidence presented a typical problem for solution by the jury and the district court did not err (assignment 7) in overruling defendant's motion for a directed verdict, since plaintiff's evidence amply supported the allegations of her complaint.

■ By assignments of error 1, 2 and 3 defendant categorically asserts that the verdict was contrary to the law, to the evidence, and to both. We have held that such general assignments do not conform to our Rule 32 and should not be considered. *Wilson v. Giem,* 90 Colo. 27, 5 P. (2d) 880; *Lundquist v. Eisenmann,* 87 Colo. 584, 290 Pac. 277; *Ohio Cas. Ins. Co. v. Colorado Portland Cement Co.,* 97 Colo. 541, 51 P. (2d) 591. In any event, under this record, where the plaintiff's contentions are well sustained by competent testimony—although the evidence as a whole is conflicting—and no objection whatsoever is directed to the giving or refusal of instructions, such assignments practically are impotent of effect.

■ Assignments 4, 5 and 6 purportedly relate to alleged errors of the court in the admission and rejection of evidence. In none is reference made to the folio numbers of the record where the rulings of which complaint is made, and exceptions thereto appear, as is required by Rule 32, supra. Such omissions alone would warrant our refusal to consider these assignments. *Shepherd v. People,* 75 Colo. 251, 225 Pac. 221. Furthermore, our examination of the record leads to the conclusion that the contentions advanced thereby also are without merit.

■ By assignment 4 it is charged that the court erred in refusing to permit defendant to question plaintiff as to whether she had been warned by him to keep her livestock off the land involved. We are unable to find any such ruling in the record but, adversely, the transcript of plaintiff's testimony shows that on two occasions in the course of her cross-examination she stated that defendant never had said anything to her about her livestock being in his field.

In assignment number 5 defendant asserts that error was committed through the court's refusal to permit him to be questioned concerning warnings given to plaintiff to keep livestock belonging to her family off

the land in question. An examination of the record shows, contrary to such assertions, that instead of sustaining such an objection, the court *overruled* the same.

■ The sixth assignment is directed to the testimony of a practical nurse as to the reasonable value of the services of those in that profession, admitted over an objection grounded on its remoteness, the witness not having been so engaged for about three years, although previously employed in this field for a long period of time. The court's ruling was clearly correct, as at the most the defendant's objection went to the weight of the evidence and not to its competency.

Rarely have we observed a record in which potential error attains the modicum displayed herein, and from our study we are unable to understand how defendant well can consider himself other than fortunate in the moderateness of the verdict returned.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE BURKE concur.