No. 16,076.

Kubat *v.* Kubat.

(212 P. [2d] 853)

Decided November 14, 1949.   Rehearing denied December 12, 1949.

Mr. William Alan Bryans, for plaintiff in error.

Mr. Earl J. Hower, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Helen E. Kubat brought an action in the district court against Vencle J. Kubat for divorce on the grounds of extreme and repeated acts of cruelty. Vencle J. Kubat filed an answer, and in his cross complaint sought a divorce on the grounds of extreme and repeated acts of cruelty committed by plaintiff. Trial to a jury re-

sulted in a verdict finding defendant guilty and plaintiff not guilty of cruelty, whereupon an interlocutory decree was entered in favor of plaintiff. Defendant is here by writ of error seeking a reversal.

We will herein refer to the parties as they appeared in the trial court, namely, as plaintiff and defendant.

It is alleged in the complaint that the parties "were married on or about the 21st day of September, 1944"; that both are residents and citizens of Arapahoe county, Colorado; "that no children have been born as the issue of this marriage," but at the time of the marriage of the parties plaintiff had two children by a former marriage, both of whom were adopted by defendant. It is further alleged that since the marriage "defendant has been guilty of extreme and repeated acts of mental cruelty toward plaintiff" of such a nature as to prevent the parties continuing longer to live together as husband and wife. Plaintiff seeks judgment for $1832.00 allegedly loaned by her to defendant and prays that defendant be required to pay a reasonable amount for the support of the two adopted children.

Defendant accepted service of the summons and copy of the complaint, and thereupon moved for a bill of particulars, which was provided, and he then answered and cross complained. In his answer he denied generally all allegations of cruelty; admitted the indebtedness in the sum of $1832.00 due plaintiff, but alleged that the sum was not then due by reason of some agreement between himself and plaintiff, and then set forth allegations by which he sought to relieve himself of the responsibility of providing reasonable support for the minor children.

For a cross complaint, after formal allegations, defendant alleged that the adoption of the children was obtained under plaintiff's promise to be a true and faithful wife and assist him in properly caring for the children, and that she had not kept this promise. He further alleged that plaintiff was guilty of extreme and repeated acts of cruelty by consorting with other men. He prayed

for a decree of divorce from plaintiff, and that he be relieved from paying for the support of the children.

Plaintiff filed her motion for a bill of particulars, which was granted, and the bill of particulars apparently was furnished, although it does not appear in the record here. Plaintiff also moved to strike that portion of the answer and cross complaint relative to the adoption of her children, which motion was granted.

■ Prior to the adoption of our Rules of Civil Procedure, our court rule 32 provided that, "Plaintiff in error shall assign errors in writing at the time of filing the record and *each error shall be separately alleged and particularly specified.*" (Italics ours)

Rule 111 (f), R.C.P. Colo., now in force, provides, "Each such specification [of points] shall set out *separately and particularly* each point relied upon and shall be filed at or before the time of the filing of the brief of the party filing the specification and it may be a separate paper or may be included in the brief of such party, in which case it shall be separate from the remainder thereof. Counsel will be confined to the points so specified but the court may in its discretion notice any error appearing of record." (Italics ours) This rule does not differ materially from our former court rule 32, and, in order to present a matter for the court's consideration, rule 111 (f), supra, now in effect, should be followed. Our records disclose a growing tendency on the part of members of the legal profession to wholly disregard the provisions of rule 111 (f), supra. This court is entitled to be advised, with definiteness and particularity, as to the particular grounds of attack upon which the rulings, judgment and actions of the trial court are challenged, and, without so doing, there is nothing specifically presented for consideration. *Bitter v. Mouat Lumber & Inv. Co.,* 27 Colo. 120, 59 Pac. 403; *Craig v. Toteve,* 107 Colo. 254, 110 P. (2d) 1117; *In the Matter of Assessment of the Merchandse and Stock in Trade of Hover Motors, Inc.*

*v. Hover Motors, Inc.,* No. 16265, announced October 24, 1949, 120 Colo. 511, 212 P. (2d) 99.

The specification of points in the present case is as follows:

"I

"In a divorce action in which a defendant alleged in a cross-complaint, that the plaintiff was guilty of cruelty, which in part consisted of fraud in inducing the defendant to adopt her minor children by another husband, the Court should not preclude the defendant from both alleging and offering proof in support of the allegation.

"II

"In a divorce action courts are astute in enforcing the principle of law that the suppression of important facts which would establish that neither of the parties are entitled to a decree should be suppressed.

"III

"In a divorce action in which the defendant by cross-complaint, alleged in support of the ground of cruelty that the plaintiff violated her marital vows by consorting with other men, and the plaintiff did not deny the allegation or request that the same be made more specific, certain and definite, the trial court should not preclude the defendant from offering proof in support of the allegation. The trial court failed to observe this principle of law.

"IV

"In a divorce action, it is for the jury to determine the issues of fact and the court should not invade the province of the jury. The trial court failed to observe this principle of law.

"V

"The state is an interested party to every divorce action upon the grounds of public policy, as to whether

594

a decree should be entered therein, and any evidence which may have application to a proper disposition of the matter should be admitted by the court, whether or not such matter is made apparent from the pleadings. The trial court failed to observe this principle of law.

"VI

"Where there has been no denial of an allegation set out in the complaint, or cross-complaint, or answer, the allegation is admitted. In the instant case plaintiff did not deny the allegations set out in paragraph 6 of the defendant's cross-complaint.

"VII

"In the instant case the pleadings disclose the name of a man with whom the defendant alleged the plaintiff had consorted. In this circumstance, the trial court should not have required the defendant to specify the precise time. Evidence should have been admitted in support of the allegation.

"VIII

"The trial court should have permitted the defendant to amend the cross-complaint and Bill of Particulars, during the trial, so that an allegation should be made therein alleging that plaintiff was in the further company and associated with the named man."

█ These specifications of points present nothing for our consideration; nevertheless we have carefully read and considered the entire record, consisting of 775 folios, and find no prejudicial error therein. While the evidence was conflicting, it appears from the record that there was sufficient competent evidence to support the jury's verdict and interlocutory decree, and, under these circumstances, the same will not be disturbed.

█ The quibbling, bickering and carping between the attorneys, as disclosed by the record, detracted from

the orderly procedure in the trial of the cause, and such conduct should not be permitted by a trial court.

We direct the attention of court and counsel to the provisions of chapter 24A, 1947 Supp. '35 C.S.A. (chapter 111, 1937 Sessions Laws of Colorado), and suggest a careful consideration of its provisions before again proceeding in a trial where one spouse is accused of marital misconduct by associating with one other than his or her spouse.

The judgment is affirmed.