ROLLINS et al. v. BOARD OF COM'RS OF GUNNISON COUNTY, COLO.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1897.)

No. 856.

**BILLS OF EXCEPTIONS—POWER TO AMEND—LEAVE OF APPELLATE COURT.**
An appellate court will not make an order authorizing the court below to amend the bill of exceptions so as to show whether or not it contains all the evidence produced at the trial; for, if the amendment be to make the record speak the truth, when by mistake it speaks an untruth, then the court below has authority to allow it, without permission, notwithstanding the lapse of the term; and, if it be not of that character, the power to make it is gone, and cannot be restored by any action of the appellate court.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action by E. H. Rollins & Son against the board of commissioners of Gunnison county, Colo., to recover on coupons cut from county bonds. At the trial the jury, by direction of the court, returned a verdict for defendant, and judgment was entered accordingly. Plaintiffs thereupon sued out this writ of error, and they have now moved the court to make an order authorizing the court below to amend the bill of exceptions, so as to show whether or not it contains all the evidence produced at the trial.

Willard Teller, for the motion.

W. H. Bryant, opposed.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

PER CURIAM. A motion is made in this case in behalf of the plaintiffs in error to enter an order authorizing the circuit court of the United States for the district of Colorado to amend the bill of exceptions, as it appears in the record, so as to show whether the same does or does not contain all the evidence produced on the trial of the case. This court has heretofore decided in Bank v. Perry, 32 U. S. App. 15, 14 C. C. A. 273, 66 Fed. 887, that a trial court has the power to correct its record so as to make it speak the truth when by mistake it speaks an untruth, even after the lapse of the term at which the judgment was rendered, and after the record in the case has been removed to an appellate court by a writ of error. See, also, Walker v. State, 102 Ind. 502, 1 N. E. 856; Seymour v. Harrow Co., 81 Ala. 250, 1 South. 45; Whiting v. Society, 8 C. C. A. 558, 60 Fed. 197. It results from this rule that the alleged mistake that is said to have been made in formulating the bill of exceptions can be corrected by the trial court without the leave or sanction of this court, provided it is a mistake falling within the rule aforesaid, such as may be corrected by amendment. No order of this court is necessary to enable the circuit court to amend the record in the respect desired if

we assume that the correction is one which the circuit court was authorized to make after the lapse of the term at which the judgment was rendered; and no order made by this court would confer any authority upon the circuit court in addition to that which it now has. It was held by the supreme court of Indiana in Seig v. Long, 72 Ind. 18, that the power to amend a bill of exceptions by adding thereto a statement that it contained all the evidence produced at the trial cannot be exercised by the trial court after the lapse of the term at which the judgment was rendered, and the bill of exceptions was signed, sealed, and filed. If this be so, if the amendment sought is of such nature that the power to make it has been lost by the trial court by the lapse of the term at which the final judgment was rendered, then it is obvious that this court cannot restore the lost power by any order which it may now make. It is the function of this court to review the record of the trial court, and to determine whether it discloses a reversible error. It is not within its province to enlarge the authority of the trial court with respect to settling bills of exceptions, or to enlarge its power to amend them when once signed and filed. We think, therefore, that in either aspect of the case the order which we are asked to enter is one which we ought not to make, because it would not alter in any respect the power or duty of the trial court in the matter of making the amendment. The motion must accordingly be denied.