Thomson, P. J.,
delivered the opinion of the conrt.
On October 19, 1894, the appellee obtained a judgment by default in the county court against the appellants for f768.76. Afterwards, the appellants appeared and moved the court to set aside the default and judgment. The court denied the motion as to the default, but vacated the judgment, and permitted proof to be taken in support of the appellee’s claim. A second judgment on the same default *337 was then entered against the appellants for $773.64. They thereupon appealed the case to the district court, where the appeal was dismissed on motion of the appellee, on the ground that no application had been made by the appellants to the county court to set the second judgment aside. The appellants have brought the judgment of dismissal here for review.
The question argued is whether, the court having denied the motion to set aside the default, but having at the same time opened the judgment to admit proof, and having, after hearing the evidence, rendered a new judgment, a motion to vacate the second judgment was necessary to enable the defendants to appeal to the district court.
The statute concerning appeals from the county court to the district court, provides that no appeal shall be taken from a judgment by default, or nonsuit, unless, within ten days after the rendition of such judgment, application shall have been made to the county court by the party aggrieved to set the same aside, and such application shall have been refused; and that the appeal must be made within ten days, after the refusal of the court to set aside the default or nonsuit, and grant a new trial, or within such further period as the court may allow upon good cause shown before the expiration of the ten days. Session Laws, 1885, p. 158. An appeal is therefore allowable from the county court to the district court, in the case of a judgment by default, on two conditions: First, that the party aggrieved, within ten days after its rendition, make application to have the judgment by default set aside, and, second, that the appeal be taken within ten days, or within the time allowed by the court, after the refusal of the court to set aside the default.
The purpose of the motion which the statute requires is obvious. It is to enable the party against whom a judgment by default is entered, and who shows himself entitled to a vacation of the judgment, to have his case heard by the court. It is immaterial that the judgment entered upon the default may be opened up, if the default is not at the same time set *338 aside, because it is the default which keeps him out of court. He cannot have a trial of his case while that remains. The default is the principal thing, and an order setting the default aside vacates the judgment entered upon it. Our conclusion from the language of the statute is that it is the refusal of the court to set aside the default which gives him the right of appeal. Of course if the judgment entered xipon the default is vacated, until a new judgment is entered there is no final judgment, and therefore nothing to appeal from. If the court should delay entering the second judgment beyond the ten days, the party in default would be entitled, upon application, to an order extending the time for appeal until entry of judgment. In this case, however, the new judgment was entered, and the appeal perfected, within the ten days.
Our former judgment was that the first motion to set aside was sufficient, — that another, after entry of the second judgment, was unnecessary, — but we affirmed the judgment of the district court because the record did not show that the motion was made within the time limited by the statute. This point was not made in argument, but as it affected the jurisdiction of the district court to entertain the appeal, we took notice of it ourselves. After our opinion was announced the defendant presented a petition for a rehearing, and, at the same time, a motion for leave to file a supplemental transcript of the record showing the time when the motion to set aside the default was made, and that it was made within the statutory period. We allowed the additional record to be filed, and it appears from it that the motion was made in time. It now becomes our duty to reverse the judgment, unless the defendant came too late with his motion to file the supplemental transcript. Opposing counsel says that he did come too late, because he came after our decision was rendered. But our first decision in a cause is not necessarily final. The unsuccessful party has a right to move for a rehearing, and if he does so, until the motion is disposed of, there is no final decision. We may, upon re *339 hearing, reverse ourselves, or we may adhere to our original opinion; and it is only after we have pronounced judgment upon the motion that the case can be said to be decided. The record is within our control at all times until we have exhausted our jurisdiction by the rendition of final judgment. We conceived it to be in the interest of justice that the appellants should be allowed to file the supplemental transcript; we had no doubt of our authority to permit its filing; and in those respects our opinion remains unchanged. For the reasons which we have set forth, the judgment must be reversed.
Wilson, J., not sitting.

Reversed.