[No. 4176.]

FICK v. CROOK.

1. APPELLATE PRACTICE—BILLS OF EXCEPTIONS—AMENDMENT.

An amendment or supplemental bill of exceptions contemplates that it contains something to supply defects in, or in aid of the original, and its office is to perfect that which is imperfectly done in the original and not to originate something entirely new. Where a pretended amendment or supplemental bill of exceptions contains entirely new matters none of which were contained in the original and which were not omitted from the original by mistake, it is in effect a new bill and if presented after the time has expired for tendering and filing a new bill, it cannot be received.

2. SAME.

Except for the purpose of permitting admissible amendments the court

or judge has no authority or jurisdiction to add to or change a bill of exceptions after the time has elapsed within which it must be tendered.

. *Appeal from the County Court of Gilpin County.*

THIS action was commenced by appellee, as contestor, in the court below, against appellant, as contestee, to contest the election of the latter to the office of county commissioner for the third commissioners' district, of Gilpin county. From a judgment in favor of contestor, the contestee appeals.

The condition of the original bill of exceptions was such, that none of the questions which appellant sought to raise could be reviewed in this court. Thereupon, through his counsel, he obtained leave to withdraw the same for the purpose of correction or amendment. Thereafter he filed what is designated a supplemental bill of exceptions, which purports to contain his petition, presented to the trial court for a change of judges to try the cause, the affidavits in support thereof, and the action of the court denying the petition. These matters were also incorporated in what has been lodged in this court as the record proper. When the supplemental bill was presented below, the time within which the original bill was to be tendered and filed hâd expired. The term at which judgment was rendered in the cause had, also, lapsed by operation of law. · Nothing contained in the supplemental bill was incorporated in the original, nor did the latter purport to exhibit anything concerning the action of the court on the petition for change of judges; neither were these matters omitted from the original by mistake. Appellee moved to strike the supplemental bill from the files, which was denied without prejudice. Upon submission on the merits, this motion is renewed. The only questions presented by appellant are those arising on the matters set out in the supplemental bill.

Mr. H. G. THURMAN, Mr. H. A. HICKS and Mr. HARVEY RIDDELL, for appellant.

Mr. CHASE WITHROW and Mr. GEO. W. FORMAN, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

The matters incorporated in the supplemental bill of exceptions are not part of the record proper; therefore, unless preserved by the former, there is nothing before us to consider. An amended or supplemental bill contemplates that it contains something to supply defects in, or in aid of, the original. Its proper office is to perfect that which is imperfectly done, but not to originate something entirely new. The original bill contained none of the matters in the supplemental one, either in whole or in part, hence, they do not amend or complete anything in the original bill, but partially stated therein. They were not omitted from the original by mistake, or intended to be incorporated therein. In the present state of the record, the supplemental bill is, in effect, a new one. If appellant had never attempted to obtain a bill of exceptions, he would be in no different position with respect to the supplemental one from what he now is. We are, therefore, of the opinion that what is contained in the supplemental bill cannot be considered as an admissible amendment of the original. The time for tendering and filing the latter has expired, and the motion to strike must be sustained. Hayne's New Trial and Appeal, § 160, p. 477; *Martin v. St. Louis, I. M. & S. Co.,* 53 Ark. 250.

There being nothing presented for determination by the appeal, the judgment of the lower court is affirmed.

*Affirmed.*

### On Petition for Rehearing.

PER CURIAM. On petition for rehearing counsel for appellant strenuously urge that the system of shorthand now employed in making notes of the proceedings in court renders it unnecessary to rely upon the fugitive recollection of the parties to an action, as to what may actually have occurred

at a trial with respect to those matters which only become a part of the record by virtue of being incorporated in a bill of exceptions, and therefore the reason for a strict rule regarding amendments of the character under consideration no longer exists.

The difference in the method of keeping notes of court proceedings from that formerly in vogue has not changed the principle controlling the determination of the question presented.   Except for the purpose of permitting admissible amendments, the court or judge loses authority or jurisdiction to add to, or change, a bill of exceptions after the time has elapsed within which it must be tendered.   *First Nat. Bank v. Wilder*, 100 Fed. Rep. 223 ; *Mich. Bank v. Eldred*, 143 U. S. 293 ; *Honey v. Chicago Ry. Co.*, 82 Fed. Rep. 773; *Rollins v. Board of Gunnison Co.*, 78 Fed. 741; *Case v. Hall*, 94 Fed. Rep. 300.

*Petition for rehearing denied.*