[No. 5423.]
[No. 3081 C. A.]

THE DENVER CITY TRAMWAY COMPANY v. ROBERTS.

1.  Discovery—Physical Examination—Discretion.

The trial court having discretion to order a physical examination of plaintiff in an action for personal injuries, and it appearing that it did not exercise its discretion at all, but denied a motion for such order on the ground that it had no authority to make it, such action constitutes reversible error.—P. 526.

2.  Appellate Practice—Filing Supplemental Bill.

The supreme court will allow filing of a supplemental bill of exceptions tending only to make clearer and more complete the

recitals of the original bill, though the time for tendering and filing an original bill in the trial court has expired.—P. 528.

3. **Appellate Practice — Transcripts — Filing Supplemental Abstracts.**

The supreme court reserves the right, though not bound to do so, to examine transcripts and consider matters therein not embraced in the printed abstracts; and the granting of leave to file supplemental abstracts is a discretionary power that is always liberally exercised, since it rarely happens that any injustice or injury could arise therefrom.—P. 530.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by Elizabeth Roberts against The Denver City Tramway Company. From a judgment for plaintiff, defendant appeals.            *Reversed*

Mr. CHARLES J. HUGHES, Jr., Mr. GERALD HUGHES, Mr. ALBERT SMITH, and Mr. H. S. ROBERTSON, for appellant.

Messrs. SKELTON & MORROW, for appellee.

This action was brought by appellee against appellant to recover damages for personal injuries suffered while she was a passenger upon one of appellant's cars in the city of Denver, through the alleged negligence of appellant's employees in operating said car. She recovered a verdict and judgment for the sum of $2,000.00.

Several months before the trial, appellant having been refused the privilege of a surgical examination of appellee, made application to the court for an order requiring her to submit to such examination. A number of objections in writing were filed on her behalf, and the court denied the motion; placing his denial, however, upon the express ground that he had no power or authority to grant the same. The motion thus denied, after setting forth the rea-

sons upon which it was based, requested that she be required to submit to a physical examination by a surgeon of appellant's selection, or by one selected by the court.

When the cause was called for trial and before the jury was impaneled the application for such physical examination was renewed, but the court again denied the same. In so doing, he employed the following language:

"I can't see any good reason why the plaintiff should refuse an examination by a disinterested person. We all know that a family physician unconsciously yields somewhat to one side and whose evidence is not as satisfactory as a disinterested surgeon. I don't think I have the power to compel the plaintiff to submit to an examination and I shall refuse to make the order."

During the trial, and when plaintiff was upon the witness stand, she was again requested to permit such an examination to be made, but refused her consent. In considering the objection of her counsel the court then employed, *inter alia,* the following language:

"I followed a ruling that was made in this court, rather as I considered it had been settled by this court, and I feel bound by it; but my sense of justice is so against it that I am going to ask for an argument on this proposition and determine it so far as I am concerned, and I say to you now that if I make up my mind that it is the law, I don't care what any other judge has done. However, I am going to let the other court settle it. So this being my view, I will have to sustain the objection."

This language was employed with reference to his previous declaration that he did not have power to grant the order asked, and shows that he was following, against his better judgment and "sense

of justice," a ruling of a predecessor upon the same bench; but that in this-case he would adhere to the view and let the "other court" (court of review) settle it.

The motion for an order for such physical examination and the written objections thereto filed by appellee appear in the record proper; but by inadvertence or mistake they were not incorporated into the original bill of exceptions. All of the other matters above stated, however, do appear in that bill of exceptions.

By a supplemental bill of exceptions or .transcript filed in this court several months after the time for filing the original bill of exceptions below expired, but nearly three years before the final argument of the cause here, this motion and appellant's objections thereto were incorporated into the record.

A motion was then made to strike this supplemental transcript from the record, but upon the hearing was denied; leave being given, however, to renew and reargue the same in connection with the final submission of the cause.

The record is quite voluminous, but in view of the ground upon which the opinion is based, the foregoing is deemed a sufficient statement of the facts.

Mr. Justice Helm delivered the opinion of the court:

Among the assignments of error is one that challenges the ruling below refusing to grant an order for a physical examination of appellee touching her alleged injuries, by a surgeon of appellant's selection or by one of the court's selection.

This action of the trial court was error and requires a reversal of the case. It is, therefore, unnecessary to discuss the numerous remaining

questions presented, and the present opinion will be limited accordingly.

The application for the order in question was made in due form and with reasonable diligence. It was urged several months before the trial and again renewed when the case was called and before the jury was impaneled. It was brought to the court's attention a third time during the progress of the trial and in connection with the cross-examination of appellee herself.

Motions of this kind are addressed to the sound discretion of the trial court and unless there is an abuse of such discretion or unless it clearly appears that that court misconceived the law, this court will ordinarily decline to set aside the ruling thereon.

In the case at bar, the record shows that the court below did not exercise his discretion at all; his action was predicated exclusively upon the view that as a matter of law he possessed no legal power or authority to grant the motion or to make the order requested. His attitude in this respect was clearly announced not less than three different times and at three different periods.

The complaint alleges that the injuries suffered are permanent; and a portion of the evidence offered on behalf of appellee tends to support this allegation.

The nature and extent of such injuries, together with the permanency thereof are matters to be determined largely from the testimony of skilled physicians or surgeons. The object of the court and jury is always to ascertain the truth, and through such ascertainment to administer accurate as well as impartial justice. But the trial of these cases exclusively upon the testimony of surgeons chosen by plaintiff would often prevent the ascertainment of truth and visit injustice upon the defendant. A physical examination by defendant's surgeon or by

a surgeon of the court's selection would seem to
be a wise and a just precaution.   Nevertheless dis-
tinguished tribunals have denied the right thereto.

This court, however, has declined to follow such
tribunals.   In the recent case of *Western Glass Mfg.
Co. v. Schoninger,* 42 Colo. 357, the subject was
exhaustively considered and the power of trial
courts to order such examinations was expressly
upheld.   The authorities on both sides of the ques-
tion are there carefully examined and analyzed, and
for us now to review them would be needless
repetition.

But counsel for appellee strenuously urge that
we ought not to entertain the foregoing objection.
This protest is based upon an alleged imperfection
in the record.

Appellant's original motion reciting appellee's
refusal to permit a physical examination, and stating
the grounds of the application therefor, together
with the several objections in writing filed by appel-
lee, were incorporated into the record proper, but
did not appear in the original bill of exceptions.
Several months after the cause was docketed in this
court an order was here entered on motion of appel-
lant, granting leave to file a supplemental bill of ex-
ceptions covering the matters thus omitted from the
original bill.   And some sixty days later such a sup-
plemental bill of exceptions was presented and filed.
Counsel for appellee thereupon submitted a motion to
strike out this supplemental bill.   That motion was
denied, but leave was given to renew the same upon
the final submission of the cause.   The matter was
accordingly pressed upon our attention by appellee's
counsel at the oral argument.

Counsel admit that the filing of supplemental
transcripts amending the record is largely discre-
tionary with this court.   But they contend that, inas-

much as the term of the court below at which the cause was tried had lapsed and the time for filing the original bill of exceptions had expired, that court was without jurisdiction to allow the amendment; that it necessarily follows that this court should have refused to receive the supplemental transcript; and hence that the present motion to strike should be allowed.

This court has always pursued a liberal policy in connection with the amending of records before it. Fairness to litigants and to the trial court requires that the review here should be upon the record as made below. And the court has quite uniformly, upon proper application made in due time and form and upon proper showing, liberally exercised the power to permit by supplemental transcript such amendments as will make the record complete and cause it to speak the truth.

Amendments by supplemental transcript have been allowed to bills of exception: incorporating matters omitted therefrom, striking out matters wrongfully inserted therein, correcting erroneous recitals embodied through inadvertence or mistake, and the like. And these alterations have been allowed notwithstanding the amendments covered by the supplemental bills were made in the court below after the expiration of the term at which the cause was tried; and also after expiration of the period fixed for filing the original bill of exceptions.—*Beckwith v. Talbot,* 2 Colo. 604; *Knox v. McFerran,* 4 Colo. 348; *Pleyte v. Pleyte,* 14 Colo. 593; *Pleyte v. Pleyte,* 15 Colo. 44; *Catlin Land & Canal Co. v. Burke,* 22 Colo. 419. See, also, *Johnson v. Lawson,* 9 Colo. App. 128, and *Rawlins v. Board of Commissioners,* 78 Fed. 741.

The present protest is technical; were we to sustain the motion, appellant would be denied a

hearing upon one of its principal objections; an objection urged throughout the trial below and strenuously relied on for reversal here. The supplemental transcript was filed by permission of this court upwards of two years before the cause came on for final argument. Counsel for appellee could not have been surprised nor could their cause have been unfairly prejudiced by this action. They availed themselves of the opportunity to argue the question at length upon its merits and to collate and cite the authorities in support of their argument. It is by no means certain that the supplemental transcript was necessary. The matter appears at least twice in the original bill of exceptions and the omissions supplied by the supplemental bill only tend to make clearer and more complete the recitals of the original bill.

The last foregoing suggestion shows the inapplicability of *Fick v. Crook*, 27 Colo. 429, cited on behalf of appellee. The supplemental bill there under consideration incorporated matter that was not germane to or amendatory of anything contained in the original bill of exceptions; matter that was not in aid of, nor to supply defects in, subjects covered by the original bill; matter that was not omitted from that bill by mistake and was not originally intended to have been incorporated therein. The court held, that under such circumstances the supplemental bill was misnamed; that, in fact, it constituted an entirely new bill of exceptions; and that, as the time for tendering and filing an original bill in the trial court had expired, that court was without jurisdiction to take the action it did.

We will not discuss the objections urged against the filing of the supplemental abstract last tendered. This abstract simply brought before the court in printed form the motion and written objections

embodied in the supplemental transcript above under consideration. The court reserves the right to examine transcripts themselves and consider matters therein, even though they may not be embraced in the printed abstract; though counsel take considerable risk when they depend upon its so doing. The granting of leave to file supplemental abstracts is a discretionary power that is always liberally exercised, since it rarely happens that any injustice or injury could arise therefrom.

For the reason above given, the judgment must be reversed.                                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.