## No. 11,098.

## WHIPP *v.* THE PEOPLE.

Decided September 8, 1925.   Rehearing denied November 23, 1925.

### Plaintiff in error was convicted of an assault.

### *Reversed.*

1.  CRIMINAL LAW—*Election—Evidence.* A defendant having moved that the district attorney elect upon which of two transactions he would rely for a conviction could not complain of an election to stand upon an occurrence, testimony concerning which the court had refused to strike; nor of the court's action in denying the motion to strike.

2.  *Witnesses—Investigation by Defense.* While defendant in a criminal case may ascertain in any legitimate manner the nature and character of the testimony to be given by witnesses whose names are endorsed on the information, his counsel should not be held guilty of neglect of duty in all cases, for failure to make such investigation.

3.  *New Trial—Newly Discovered Evidence.* If newly discovered evidence is of such a character as to make it appear that the verdict was probably influenced by false testimony, and that upon another trial the result would probably, or might, be different, or even doubtful, then a new trial should be granted.

4.  VERDICT—*Perjury.* No verdict should be permitted to stand if tainted by perjury.

#### *On Rehearing.*

5.  CRIMINAL LAW—*Bill of Exceptions.* If matters occurring prior to the commencement of the trial ought to have been inserted in the original bill of exceptions, it was the duty of the district attorney to see that they were, or withhold his approval.

6.  BILL OF EXCEPTIONS—*Amendment.* The original bill of exceptions may not be amended by a supplement tendered for filing after the case has been determined in the appellate court and after a petition for rehearing has been filed, without any showing of reasonable excuse for the approval of a defective original bill.

*Error to the District Court of Gunnison County, Hon.
Straud M. Logan, Judge.*

Messrs. CRUMP & RILEY, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. HAROLD
CLARK THOMPSON, Assistant, Mr. WILLIAM L. BOATRIGHT,
Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant,
for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff in error, hereinafter designated the de-
fendant, was convicted of assaulting one Lennis Trine,
a female child under the age of 16 years, and taking
indecent and improper liberties with her person.  It is al-
leged in the information that the offense occurred on No-
vember 17, 1923.  Defendant was sentenced to the peniten-
tiary for a period of not less than three nor more than four
years.  He brings the case here for review.

Among the alleged errors, argued and presented in de-
fendant's brief are:  (1) That the court erred in admitting
evidence of a transaction occurring on a date subsequent
to the one relied upon for a conviction; (2) that the court
erred in refusing to grant a new trial on the ground of
newly discovered evidence.

1.  We do not think defendant is in a position to com-
plain of the court's action in admitting the evidence ob-
jected to.  Defendant first moved to strike out the
evidence which was denied.  He then moved that the prose-
cution be required to elect upon which occurrence it would
rely for a conviction; the district attorney elected to stand
upon a transaction which, according to the testimony
occurred sometime prior to the date alleged in the in-
formation.  We think the question is settled, and the proper

procedure suggested, by the decision of this court in *Warford v. People,* 43 Colo. 107, 115, 96 Pac. 556.

2.  As to the alleged newly discovered evidence, the court denied the motion for new trial for the reason that defendant had not used due diligence to ascertain in advance of the trial what the testimony of the witnesses for the people would be; also that while the testimony of Mrs. Diebold was material, and not wholly collateral as claimed by the district attorney, the people did not elect to stand upon the act testified to by her; and for the further reason that, if her testimony be disregarded, the evidence relative to the doctor book, and defendant's conversation with the children concerning it, were sufficient to show the inclination and disposition of the defendant.

We think the defendant may ascertain, in any proper and legitimate manner, where possible, the nature and character of the testimony to be given by the witnesses whose names are endorsed upon the information.  The names of the witnesses for the people are required to be endorsed upon the information for the benefit of the defendant, and we think that counsel should make proper and legitimate efforts to ascertain what testimony the people's witnesses will give upon the trial.  However, we think that counsel should not be held guilty of negligence in all cases for his failure to make such investigation.  In the circumstances of this case, we think the court erred in holding that defendant was guilty of a lack of due diligence in the respect mentioned.

In the instant case the prosecution relied, for a conviction, mainly upon the testimony of children, aged about nine to thirteen years.  The defendant, no doubt, thought that it would have been hazardous for him to have interviewed these witnesses.  He might honestly have believed the jury would conclude that an attempt had been made by him to tamper with witnesses of tender years, and thus the chances of a verdict against him greatly increased.

Mrs. Diebold's name was not endorsed upon the information until the date of the trial and after the trial was

commenced; her evidence was important and material; little opportunity was given defendant to ascertain in advance what her testimony would be. A showing was made in support of the motion for new trial, that her testimony, given upon the trial, was false, and this showing was not contradicted. It is true that the prosecution did not elect to stand upon the transaction testified to by Mrs. Diebold, and that there was other testimony, as suggested by the trial court, showing the inclination and disposition of the defendant; yet it must be remembered that the evidence, relating to the medical book and the conversations with defendant concerning it, was given by the little girls, the same witnesses who testified to defendant's alleged misconduct of which he was convicted. The testimony of Mrs. Diebold not only tended to show inclination and disposition of the defendant, but it also tended to corroborate the testimony of the little girls in all respects; it particularly tended to corroborate their evidence that on the occasion testified to by them, the defendant was guilty of taking indecent liberties with the person of Lennis Trine. Mrs. Diebold testified in substance that in June, 1923, she saw Mr. Whipp lying on his back upon the couch in the front room, and one little girl, whom she afterwards learned was Lennis Trine, was playing on top of him, while two other little girls were in the middle room; the little girl on top of defendant was jumping and squirming around and he was tickling her; that on a later date while she and Mrs. Keenan were in their apartment she noticed that defendant and a little girl, which proved to be Lennis Trine, came up the stairs and that she went in to the middle room and shut the door; that defendant walked back to the kitchen door, went in and turned the key; that she asked Mrs. Keenan if she had seen what happened and Mrs. Keenan replied that she had; that she and Mrs. Keenan then walked out into the hall; that in a moment afterward the little girl came to the door and peeked out, then came out and ran down the stairs; that she and Mrs. Keenan also went downstairs; that Mr. Whipp then came down

and while the two women were standing in the store talking, the little girl, Lennis Trine, came across and jumped in defendant's arms and kissed him.

If this evidence was not important and material why was it offered and received? Coming from the lips of a woman supposed to be telling the truth, this evidence would naturally have weight with the jury and must be presumed to have had its influence with the jury in arriving at a verdict.

In view of the statements made in the affidavits filed in support of the motion for new trial, relative to the evidence given upon the trial by the three little girls, it is probable that had the testimony of Mrs. Diebold been discredited, a different verdict would have been returned. In any event, we are not prepared to say that if her testimony had been impeached a different verdict would not have been found, and the defendant is entitled to the benefit of the doubt.

A defendant in a criminal case is entitled to a fair trial, and if the newly discovered evidence is of such a character as to make it appear that the verdict was probably influenced by false testimony and that upon another trial the result would probably or might be different, or even doubtful, then a new trial should be ordered. No verdict should be permitted to stand if tainted by perjured testimony. As we believe defendant did not have a fair opportunity to refute this evidence at the trial, the conviction should be set aside and a new trial ordered.

As the other matters complained of are not likely to occur again, we need not discuss them.

The judgment is reversed with instructions to grant a new trial.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.

*On Rehearing.*

PER CURIAM.

After the petition for rehearing in this case had been filed, the attorney general presented his petition for permission to file a supplemental bill of exceptions.

The original bill of exceptions was signed by the trial judge August 14, 1924, had been examined and found by the district attorney to be correct, and a month later was filed in this court.

The tendered supplemental bill was signed by the trial judge September 23, 1925. No reason is assigned for the delay in tendering the supplemental bill except that the attorney general's attention was not called to the matters contained in the bill until after the petition for rehearing had been filed. But one of the grounds urged for new trial was, that the court erred in denying defendant's motion to strike out and to instruct the jury to disregard the testimony of Erville S. Diebold, and defendant's attorney, in support thereof, filed an affidavit in which he stated that he had no means of disputing her testimony. The district attorney, representing the people, was of course familiar with these proceedings. Also, one of the assignments of error is based on the ruling of the court denying defendant's motion to strike out the testimony of Mrs. Diebold.

No notice was given by the defendant in error to plaintiff in error that application would be made to the trial court for the supplemental bill.

While the matters occurring prior to the commencement of the trial, under the authority of *Denver C. T. Co. v. Roberts*, 43 Colo. 522, 96 Pac. 186, might have been inserted in the original bill, they were not. If they ought to have been, then it was the duty of the district attorney to see that they were, or withhold his approval.

Whether the tendered supplemental bill is an inadmissible amendment to the original bill, and falls within the case of *Fick v. Crook*, 27 Colo. 429, 62 Pac. 196, we need not determine.

There is no case in this jurisdiction, nor do we know of any elsewhere, holding that an original bill of exceptions may be amended by a supplemental bill tendered for

filing after the case had been determined in the appellate court, and after a petition for rehearing had been filed, and without any showing of reasonable excuse for the approval of a defective original bill.

We are in accord with the language used in *Martin v. Force*, 3 Colo. 199, 201, wherein it is said, referring to a supplemental transcript offered for filing in that case, that "It is, in effect, a suggestion of diminution of the record, not only after the cause has been submitted, but after judgment has been pronounced. It would be a very loose practice that would permit, after the final determination of a cause, the aggreived party, through whose negligence an imperfect bill of exceptions has been incorporated into the record, to suggest diminution with a view to a rehearing."

In these circumstances we are of the opinion that to allow the filing of the supplemental bill would be, for obvious reasons, to establish an unwise precedent. Leave to file the same is therefore denied.

In the petition for rehearing it is suggested that we overlooked the fact that there was no motion that the evidence of the witness Diebold be stricken or taken from the consideration of the jury; also that the newly discovered evidence impeaching Mrs. Diebold was cumulative, and further that we misapprehended the correct rule of law in holding that a new trial should be granted because of the perjury of a witness.

The record discloses that the defendant did move to withdraw from the jury the testimony of Mrs. Diebold relating to a transaction testified to by the witness as having occurred in June, and the district attorney replied that her evidence was offered in explanation and corroboration and to show the relationship between the parties. The motion was overruled. The trial court held that her testimony was material.

Where the newly discovered evidence is more than cumulative and impeaching, if it shows perjury was committed by a witness which probably influenced the verdict, and without such evidence a different result might have been obtained, then defendant was entitled to a new trial.

*Denver C. T. Co. v. Brier,* 60 Colo. 235, 152 Pac. 901, L. R. A. 1916B, 1132; *Hanson v. Bailey,* 96 Minn. 274, 104 N. W. 969. Many other cases support this doctrine, but need not be cited.

We think we correctly stated the rule of law to be, that if newly discovered evidence is of such a character as to make it appear that the verdict was probably influenced by false testimony, and that upon another trial the result would probably, or might, be different, or even doubtful, then a new trial should be granted. This proposition is abundantly supported in *Denver C. T. Co. v. Brier, supra,* and the authorities there cited.

The other matters suggested in the petition have been considered but need not be discussed. The petition for rehearing is denied.