## FECHHEIMER ET AL. V. TROUNSTIENE.

1. EXCEPTIONS, BILL OF — SIGNING — ABSENCE OF JUDGE.— Bills of exception must be signed and sealed by the judge whose rulings are excepted to. If two different judges preside during the same trial each judge should authenticate a separate bill, embodying objections to the rulings made by himself.
2. If a bill of exceptions be tendered to the judge within the time fixed by statute or order, it is sufficient, though his signature and seal be not attached till after the expiration of such period.
3. When the presiding judge is absent from the state the bill may be deposited, within the time fixed for its authentication, with the clerk of the court wherein the cause was tried. And the indorsement thereon by the clerk of the fact and date of tender will preserve the litigant's rights.

*Error to District Court of Arapahoe County.*

MOTION to strike out bill of exceptions.

When the bill of exceptions in this case was prepared the presiding judge was absent from the state. It was tendered to his associate upon the bench (there then being two district judges) within the time fixed by order for signing and sealing the same. The judge to whom the bill was tendered marked the date of such tender, but declined to sign and seal the same. Upwards of six months after the return of the judge who presided at the trial, and long after the time fixed by order for signing and sealing the bill, it was presented to him, and was properly authenticated by him, under protest, however, but at counsel's request, in order that they might obtain a ruling of this court upon the question of practice involved.

Messrs. MORRISON & KOHN, for plaintiffs in error.

Messrs. SHAW & DENNISON and W. S. DECKER, for defendant in error.

PER CURIAM. In regard to the authentication of bills of exceptions, some difference exists in the position taken by various courts of last resort; but, in our judgment, the view that such bills must be signed and sealed by the judge whose rulings are excepted to, not only rests upon the better reason, but is also sanctioned both by statute and by the weight of authority. *Morse v. Evans,* 6 How. Pr. 445; *Law v. Lansing,* 8 Cow. 746; *Railroad Co. v. Marseilles,* 107 Ill. 313; *People v. Lee,* 14 Cal. 510; *Davis v. President, etc.* 20 Wis. 194.

The wisdom and propriety of this rule are so obvious as scarcely to justify mention. The sole purpose of requiring judicial authentication of such bills is to preserve a correct transcript of matters *dehors* the record proper for use in the court of review. The presiding judge is familiar with these matters, and in most instances he is

the only person competent to determine impartially the accuracy of the bill. If it should happen that two different judges presided during the progress of the trial, there should be two bills of exceptions; each judge signing and sealing the one that embodies objections to the particular rulings made by himself. *Railroad Co. v. Marseilles, supra.*

The settled practice in this state, when the party tenders his bill of exceptions within the time fixed by statute or order, and the same be not at once authenticated, is for the judge to mark thereon the fact and date of such tender; and, even though the bill be not actually signed or sealed until subsequent to the expiration of the period fixed, this tender and indorsement is deemed sufficient to protect his rights. The reason for this ruling is that, when the party has prepared his bill and tendered it to the judge within the time allotted, he has performed his duty, and the failure of the judge to sign and seal within such time would arise from no fault on his part.

But when the presiding judge is absent from the state the tender to him cannot conveniently be made. Yet the party, being in no way responsible for this absence of the judicial officer, should not be prejudiced thereby. If, in such case, the bill be deposited within the time fixed with the clerk of the court wherein the cause was tried, such act, together with the indorsement thereon by the clerk of the fact and date thereof, would, as we are at present advised, be held sufficient to protect whatever rights the litigant would otherwise have in the premises. *People v. Lee, supra.*

In the case at bar the bill was neither tendered to the judge nor deposited with the clerk within the allotted period, and therefore is not properly a part of the record. The motion to strike out is accordingly sustained.

*Motion sustained.*

MR. JUSTICE ELLIOTT, having presided below, did not participate in this decision.