EMPIRE LAND & CANAL CO. v. ENGLEY ET AL.

1. AUTHORITY AND DUTY OF DISTRICT JUDGES TO HOLD COURTS FOR
   EACH OTHER.— The judges of the district court may hold courts
   for each other, and it is their duty so to do under certain circum-
   stances.
2. JUDGE'S AUTHORITY PRESUMED.— When a district judge holds a
   term of court outside his own district, his authority so to do, and
   to try the causes pending in such court, will be presumed unless
   the contrary appears.
3. BILL OF EXCEPTIONS TO BE AUTHENTICATED BY THE JUDGE WHO
   TRIES THE CAUSE.— When one district judge tries a cause for an-
   other, the judge actually presiding is the proper one to authenticate
   the bill of exceptions as to any and all rulings excepted to before
   him on the trial.

*Appeal from District Court of Rio Grande County.*

Messrs. J. P. BROCKWAY and HOLBROOK & BROWN, for
appellant.

Messrs. C. A. JOHNSON, D. V. BURNS and ADAIR WIL-
SON, for appellees.

PER CURIAM.· This is a motion to strike from the rec-
ord of this cause the bill of exceptions, on the sole ground
that the same is not signed and sealed by the proper
judge.    It appears that the cause was tried by Hon. John
C. Bell, district judge of the seventh judicial district,
while holding the district court of Rio Grande county,
and that said county is in the sixth judicial district of
which Hon. George T. Sumner is the district judge.

By the constitution of this state, article 6, section 12, it
is provided that "judges of the district courts may hold
courts for each other, and shall do so when required by
law;" and the act of March 3, 1887, page 265, makes it
their duty so to do under certain circumstances.    In the
absence of anything in the record to the contrary, we
must presume that Judge Bell was legally holding the
Rio Grande district court, and was duly authorized to try

this cause. Indeed his authority is in no manner questioned by this motion. Under the circumstances, therefore, he was the proper judicial officer to authenticate the bill of exceptions as to any and all rulings excepted to before him on the trial. The views expressed in the case of *Fechheimer v. Trounstiene*, 12 Colo. 282, are applicable to this motion; and the doctrine therein announced may now be regarded as definitely settled in this state. The motion to strike out the bill of exceptions is denied.

*Motion denied.*