[No. 3847.]

WILLIAMS v. THE PEOPLE.

PRACTICE—BILL OF EXCEPTIONS.

In order to constitute a bill of exceptions a part of the record it must be signed and sealed by the trial judge in the time fixed by the order of court; but when a party has seasonably tendered his bill, and has done all that he can, to comply with the order, he will not be prejudiced by the failure or neglect of the judge to actually sign and seal the bill within the time prescribed. Where the judge signed the bill of exceptions within the time fixed by the order, but neglected to affix his seal, appellant will be permitted to withdraw the bill to have the seal affixed.

*Error to the District Court of El Paso County.*
*On motion to strike out bill of exceptions.*

Mr. W. S. MORRIS and Mr. J. K. GOUDY, for plaintiff in error.

Mr. BYRON L. CARR, attorney general, Mr. CALVIN E. REED and Mr. GEORGE H. THORN, for defendant in error.

PER CURIAM.   On November 16, 1897, sentence was imposed upon plaintiff in error.   Thirty days were allowed in which to prepare and tender bill of exceptions.   On November 20, 1897, the bill of exceptions was tendered, and signed by the district judge, but through inadvertence he neglected to attach his seal.   Defendant in error now moves to have the bill of exceptions stricken from the record because of this omission.   Plaintiff in error interposes a cross-motion for leave to withdraw the same for the purpose of having the seal attached.

It is well settled in this jurisdiction that in order to constitute the bill of exceptions a part of the record, it must be signed and sealed by the trial judge in the time fixed by the order of court.   *City of Denver v. Capelli*, 3 Colo. 235 ;

*De La Mar v. Hurd*, 4 Colo. 442; *Marshall S. M. Co. v. Kirtley*, 8 Colo. 108; *Gates v. People*, 11 Colo. 292.

It is, however, equally well established that when a party has seasonably tendered his bill, and has done all that he can do on his part to comply with the order, he will not be prejudiced by the failure or neglect of the judge to actually sign the bill within the time prescribed. *City of Denver v. Capelli*, 3 Colo. 236; *Swem v. Green*, 9 Colo. 358; *Fechheimer v. Trounstiene*, 12 Colo. 282; *Frazier v. Laughlin*, 1 Gilman, 185; 3 Enc. Pleading & Practice, p. 474, subdivision *k*, and cases cited.

As stated in *Fechheimer v. Trounstiene, supra*, "The reason for this ruling is that, when the party has prepared his bill and tendered it to the judge within the time allotted, he has performed his duty, and the failure of the judge to sign and seal within such time would arise from no fault on his part."

That the plaintiff in error seasonably tendered his bill is evidenced by the fact that the district judge signed the same within the time allowed, and it is also manifest that the seal was omitted through inadvertence on his part. The motion of defendant in error is therefore denied, and the plaintiff in error is given leave to withdraw the bill of exceptions for the purpose of having the same sealed.