[No. 2213.]

TOURTELOTTE, EXECUTOR OF THE ESTATE OF TOURTE-
LOTTE, v. BROWN, ADMINISTRATOR OF THE
ESTATE OF HAWKINS.

1.  **Appellate Practice—Assignments of Error—Evidence.**

An assignment of error based on the admission or rejection of evidence which refers to the testimony of a number of unnamed witnesses and directs the attention of the court to the testimony of no particular one, will not be considered.

2.  **Evidence—Discrediting Witness—Record—Parties.**

The record of a proceeding to remove an administrator finding that through the negligence of the administrator and the fraud of his agent the estate had been defrauded, to which proceeding the agent was not a party, is not admissible in evidence in another cause in which said agent is a witness for the purpose of discrediting his testimony.

**3. Evidence—Conversation with Party Since Deceased.**

The admission in evidence of a conversation with a party since deceased is not reversible error where the conversation did not affect the issue on trial.

**4. Same—Estates of Decedents.**

In an action against an administrator a conversation between the administrator and a party to the suit who has since died, which did not relate to matters transpiring prior to the death of the administrator's decedent is not prohibited from admission in evidence by section 4816, Mills' Ann. Stats.

**5. Bills and Notes—Forgery—Evidence.**

Evidence held sufficient to sustain a verdict finding that the signature of a deceased person to a note was a forgery.

*Error to the District Court of Arapahoe County.*

Mr. J. A. McD. Livesay, for plaintiff in error.

Messrs. Patterson, Richardson & Hawkins, for defendant in error.

Thomson, J.

On the 13th day of January, 1890, Monroe L. Tourtellotte presented to the county court of Arapahoe county, for allowance against the estate of Francina Hawkins, deceased, a note to Maggie A. Hurd, her daughter, for $8,000, dated July 30, 1887, due thirty months after date, with interest at eight per cent. per annum from date, payable every six months or to be compounded, and purporting to have been executed by Francina Hawkins. This note had been indorsed by the payee to Steele & Malone, by them to John F. Tourtellotte, and by him to Monroe L. Tourtellotte. The allowance of this note was resisted by Joseph M. Brown, administrator of the estate of Francina Hawkins, upon the grounds as set forth in a verified answer filed by him; that there was no consideration for the note; that the endorsements were all without consideration, and that the note was not the act and deed of Francina Hawkins. The note was disallowed by the county court, and an appeal to the

district court taken from the judgment. The cause was tried in the latter court in October, 1890. At the trial, the court submitted to the jury specially the question whether the note was a forgery. The jury returned a general verdict for the defendant, and reported that they were unable to agree on an answer to the special interrogatory. Judgment was entered for the defendant on the general verdict, and the plaintiff brought the case here by writ of error. It was held by this court that the question of the genuineness of the note was the controlling issue; and, on the ground that there had been no finding upon that issue, the judgment was reversed.—*Tourtelotte v. Brown,* 1 Colo. App. 408.

A retrial of the cause in the district court, in April, 1892, resulted in a verdict and judgment for the defendant; and the plaintiff again prosecuted error to this court, where, upon the opinion of a majority of the judges composing the court, the judgment was again reversed.—*Tourtelotte v. Brown,* 4 Colo. App. 377.

The plaintiff having departed this life, John F. Tourtellotte, the executor of his will, was substituted for him on June 8, 1894. At the third trial in the district court, in June, 1894, a verdict was returned in the plaintiff's favor for $13,000. The judgment entered on the verdict was then taken for review to the supreme court by writ of error, and by that court reversed.—*Brown v. Tourtelotte,* 24 Colo. 204.

The result of the succeeding trial in the district court, which occurred in October, 1898, was a verdict and judgment for the defendant; and the case is once more here on error.

At the last trial but one question was presented, and that was whether the signature to the note was genuine. In his opening brief, counsel for the plaintiff, in terms, abandons all his assignments of error

but the second, fifth, seventh, eighth, and those challenging the correctness of the instructions. The second is that the verdict was not supported by the evidence. The fifth reads as follows: "The court erred in permitting witnesses to testify that at the date of the note in controversy, there were moneys due from Maggie A. Hurd to Francina Hawkins." The seventh goes to the refusal of the court to admit a record of proceedings in the county court showing that the witnesses Pickard and Joseph M. Brown had been guilty of gross negligence in the management of the estate, and that the witness Pickard had been guilty of defrauding the estate of various sums of money. The eighth complains of the admission of evidence of a conversation between witness, Joseph M. Brown and Maggie A. Hurd, as to what took place before the filing of the note in controversy as a claim against the estate of Francina Hawkins. Counsel, however, announces that his main reliance for reversal is on the insufficiency of the evidence. This supposed insufficiency is the sole subject of his printed argument. Neither in his opening nor his reply brief does he favor us with a single reason why any rejected evidence should have been received, or any admitted evidence excluded, or attempt to indicate wherein any instruction was erroneous. We have examined the instructions with care, and are unable to see in what particular any of them can be made the subject of valid objection. The fifth assignment is worthless. As to assignments of error, it is required by rule 11 of this court that each error shall be separately alleged and particularly specified. This assignment directs our attention to the testimony of no particular witness. It refers to the testimony of a number of unnamed witnesses and would require us to search the record and find for ourselves what witnesses testified on the subject. It will, therefore, not

be considered. H. A. E. Pickard was a witness for the defendant; and, apparently for the purpose of discrediting his testimony, the plaintiff unsuccessfully offered the record of a proceeding in the county court for the removal of Brown as administrator, in which a referee, appointed to investigate the facts, found that by reason of the negligence of the administrator and the fraud of his agent, H. A. E. Pickard, a collection had been made for the estate which was not reported, and a sum charged against the estate, which had not in fact been paid out. The exclusion of this record is the subject of the seventh assignment. Pickard was not a party to the proceeding; it does not appear from the abstract that he had any opportunity to defend against the charge; and the record was, therefore, no evidence against him for any purpose. It was very properly excluded. Brown was allowed to testify to a conversation with Maggie A. Hurd before the filing of the note for allowance. The objection was that she was dead. There was nothing in the conversation affecting, in the remotest degree, the issue on trial; and even if erroneous, it was entirely harmless. But the eighth assignment is not pertinent. It assumes a conversation relating to something that took place before the filing of the note. But the conversation testified to did not embrace, or purport to embrace, anything that took place before the filing of the note. And the ground of the objection to its admission was not good. It is true that the witness was a party to the suit, but the conversation did not relate to matters transpiring before the death of Francina Hawkins, and the evidence was therefore not within the prohibition of the statute.—See Mills' Ann. Stats., sec. 4816.

We come now to the question of the sufficiency of the evidence to sustain the verdict. A number of

witnesses, who from their relationship with the deceased, were presumably interested in the estate, testified that they were familiar with her handwriting. It was the pronounced opinion of a portion of them that the signature to the note was hers, and the opinion equally pronounced of another portion that it was not. A number of experts who knew nothing of her handwriting, testified from a comparison of this signature with others which were acknowledged to be genuine, that they believed this one to have been written by her. Aside from this class of evidence, there was the testimony of witnesses to facts bearing directly upon the issue. Nathan S. Hurd, the husband of the payee, testified that the note was written by him and signed by Francina Hawkins, in his presence, at his house in the city of Denver, on the 30th day of January, 1887, the day of its date. A. E. Mansfield, a foster son of Francina Hawkins, and his wife, who at that time resided upon a ranch six and one-half miles from Denver, both testified that on the 30th day of January, 1887, Francina Hawkins was at their house upon the ranch; that she came to their house the previous day, and remained there until the day following. They testified to some occurrences—one of an unusual character—which served to fix the date in their memory. It is manifest that if Mrs. Hawkins was at that ranch during the entire day of January 30, 1887, she could not, on the same day, have signed a note at the house of Nathan S. Hurd, six and one-half miles distant.

There was abundant evidence to sustain a verdict for either party. The jury saw and heard all the witnesses; from the mass of conflicting testimony, to determine what the facts were, belonged exclusively to them; they found those facts to be with the defendant, and their conclusion binds us.

The judgment will be affirmed.     *Affirmed.*