No. 10,272.

HEINRICY, ET AL. *v.* RICHART.

Decided April 2, 1923.

Action on promissory note. Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Requested Instructions.* Requests for instructions which are incorporated in the instructions of the court, are properly refused, and there is no error in refusing a requested instruction, where the refusal does not prejudice the rights of the requesting party.

2.      *General Assignments.* General assignments of error in which no particular ruling of the court is pointed out, are insufficient to present any question for review.

3.      *Practice.* It is not good practice to join numerous errors in one assignment. Each error must be specified by itself.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. JOHN H. SIMPSON, Mr. HERMAN W. SEAMAN, for plaintiffs in error.

Mr AB H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note. The complaint is in the usual form, and sets out the note, which was one for $500 and interest from its date, December 31, 1917. The answer admits the execution of the note, and, as a defense, alleges, in substance, that the note was given in payment for a stallion·purchased by defendants from plaintiff; that plaintiff had warranted the animal as a foal getter, but that, in fact, the stallion was worthless for any purpose. The answer also pleads fraud, and also the defense of want of consideration. It concludes with a cross complaint to recover the cost of keeping the animal. Plaintiff's replication denies all new matter contained in the several defenses and counter claim. A trial was had to a jury. There was a verdict for plaintiff, assessing his damages at $724. Judgment was entered accordingly. The defendants have sued out this writ of error.

Assignment of error No. 8 goes to the refusal of the trial court to give defendants' requested instruction No. 1. The abstract shows this instruction to be one laying down

the rule that where there has been a breach of warranty, the buyer may set off or counter-claim his damages sustained by reason of such breach in an action on the note given for the price. This rule is stated in 35 Cyc. 441. It was substantially incorporated in the instructions that were given, so there was no error in the refusal of the requested instruction. But it is claimed that error resulted from the fact that the requested instruction also contained a clause to the effect that the right to counterclaim is not prejudiced by delay but may be exercised at any time when the seller brings his action for the price. It was not error to refuse to so instruct. There was no instruction to the contrary, and under the instruction given, the defendants were permitted to assert their counterclaim and have it determined by the jury on its merits.

Assignments of error numbered 2, 3, and 4 are simply to the effect that the verdict is contrary to the law and the evidence. As argued, they refer to the alleged existence of the warranty pleaded, and a breach thereof. The evidence sufficiently supports the verdict.

The first assignment of error alleges that there was irregularity and abuse of discretion on the part of the court. No particular ruling of the court is referred to or pointed out. There is nothing for us to consider under such an assignment.

Assignments numbered 6 and 7 are general, and merely state, in effect, that the court erred in excluding or admitting evidence. No particular evidence is mentioned, set out, or described. Under the established practice, such assignments of error cannot be considered. *Rudolph v. Smith*, 18 Colo. App. 496, 72 Pac. 817; 3 C. J. 1370.

Assignment of error No. 5 reads as follows:

"Because the court erred against these defendants in the admission of incompetent, irrelevant and immaterial evidence over the objections and against the exception of these defendants."

Then follows a long list of folio numbers.

Merely adding a list of folio numbers to this assignment does not make it a good assignment. If it was intended to join numerous errors in one assignment, the practice is not good. 3 C. J. 1372. Each error must be specified by itself. *Tourtelotte v. Brown,* 18 Colo. App. 335, 71 Pac. 638.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.