## No. 11,773.

Ikeler *v.* Ikeler.

Decided October 8, 1928.

Mr. W. H. Kennedy, Mr. J. W. Graham, for plaintiff in error.

Mr. M. J. Mayes, for defendant in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

Mary B. Ikeler, plaintiff below, obtained a verdict and preliminary decree of divorce against her husband H. B. Ikeler. A decree dividing the property was entered November 24, 1926. She brings error against the division. The divorce matter is not in question here. By cross-complaint defendant asked for divorce and cancellation of a deed by him to plaintiff of property called the home. The divorce matter was found against him, there was no specific findings as to the deed.

The findings of fact and conclusions of law, required by S. L. 1925, c. 90, were signed and filed November 23, 1926. The final decree of divorce was not possible within six months thereafter, and if entered would have been void. It has not yet been entered, according to the briefs. The plaintiff in error claims that the division of the property could not be made until the final decree of divorce was granted. We think she is right. The statute, C. L. 5599, is as follows: "At all times after the filing of a complaint in an action for divorce, the court * * * may make such order for the care and custody of a minor child * * * as the circumstances of the case may warrant, and * * * may grant alimony and counsel fees pendente lite to the wife; *and when a divorce has been granted* the court may make such order * * * for the payment of alimony * * * as may be reasonable and just, and may require security * * * or enforce the payment thereof by execution or imprisonment, *or may decree a division of property.*"

It would seem unquestionable that there could be no division of property until "a divorce has been granted." It would be strange and scarcely reasonable if the statute allowed a division of property without a divorce or while it remained uncertain whether there would be one.

The court, on November 24th signed what are denominated "Findings as to Division of Property" as follows: "Now on this day this matter coming on to be heard by the court upon the matter of alimony, *being by way of division of property,* and the court having examined the record and files herein and heard the argument of counsel and *further having examined the defendant* in the case and now being sufficiently advised in the premises, it is ordered adjudged and decreed etc." No finding appears in this decree. It is a decree, and describes itself so, for the division of property, not for the cancellation of the deed to the home, and was premature, as shown above, and therefore erroneous if not void. We think this requires a reversal.

It is suggested that there is no assignment of error on this point and that under rule 35, we ought not to notice it, but by that rule we may notice a point on which no error is assigned, and we think in this case we ought to do so, because the court not only had no right to enter the decree when it was entered, but so far as the record shows has not that right yet.

It seems also by the above recitals that the court took the testimony of the defendant himself, out of court, or at least he had an examination of the defendant not shown in the record. Such a proceeding would be so improper that we are convinced that there must be some mistake about that recital which should be explained and corrected when the case is reconsidered.

As we have noted, there was no finding as to the grounds for cancellation of the deed from defendant to plaintiff. Those grounds were that the deed was never delivered, but was fraudulently taken from defendant's possession by plaintiff and recorded. There should have

been a specific finding on this point and the deed confirmed or canceled accordingly. The inference, however, from the decree is that the deed was confirmed, because when the decree treats the home as a part of the property to be divided a deed is required from plaintiff. If the deed to her had not been delivered it would have been annulled and no deed from her would have been necessary.

It is claimed that the court had no right to take from the wife, merely on the ground that they were divorced, property which the husband had settled on her, and plaintiff cites *Jackson v. Jackson*, 91 U. S. 122. It is enough to say that in that case the court had under consideration no statute permitting a division of property such as our C. L. § 5599. The general terms under which the court is permitted to "decree a division of property," permits, in a proper case, a transfer from the wife to the husband even of property which he has conveyed to her.

It is urged that the evidence does not justify the cross-complaint for annulment of the deed from defendant to plaintiff, and so does not justify the order that plaintiff reconvey, but since we have seen that the issues on the cross-complaint must be inferred to have been resolved in plaintiff's favor, she cannot complain on that score. If and when the divorce is granted, the court should make proper decree as to alimony and property, with further evidence if necessary or expedient. The evidence in the record as to the value of the property divided is so meagre that we forbear to comment on the justice of the division.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. JUSTICE CAMPBELL, MR. JUSTICE BUTLER and MR. JUSTICE ADAMS concur.