## No. 12,011.

### CONNER, ET AL. *v.* SULLIVAN.

Decided November 26, 1928.

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, JR., for plaintiffs in error.

Mr. HAROLD G. KING, for defendant in error.

*Department One.*

Mr. Justice Whitford delivered the opinion of the court.

This is an action for damages for personal injuries, resulting from an automobile striking the person of the plaintiff, and running into the rear of plaintiff's car while it was standing on the public highway. There was a verdict and judgment for the plaintiff, and the defendants sued out a writ of error. The case was heretofore determined on application for supersedeas, and the judgment affirmed.

In the original opinion filed we erroneously said that when the defendants proceeded with the trial, and introduced evidence, after an adverse ruling of the trial court on the motion for nonsuit, error in denying the motion was thereby waived. This was an incorrect statement of the rule. The rule is well settled, by repeated decisions of this court, that it is only where defects in plaintiff's proof are supplied by the evidence of the defendant, as he proceeds with his defense that the defendant waives an exception to an erroneous ruling denying his motion for nonsuit. *Alta Inv. Co. v. Worden,* 25 Colo. 215, 218, 53 Pac. 1047. It was because of this incorrect statement of the rule in the original opinion that the rehearing was granted. Therefore, we now proceed to the consideration of defendants' assignment of error, predicated upon the order of the lower court denying their motion for a nonsuit.

On the trial plaintiff dismissed as to the corporation defendant, leaving L. C. Conner and L. S. Conner as the only defendants in the action. There is evidence in the record that the defendants were engaged in operating automobiles in the transportation of passengers, for hire, from the terminus of the Denver street car line in Aurora to and from Fitzsimmons Hospital. The defendants, in their motion for nonsuit, challenge the sufficiency of the

complaint, and also the sufficiency of the evidence to sustain the judgment against them. The complaint charges that the individual defendants were, then and there, the owners of one Ford sedan, and that, at the said time and place, the individual defendants were propelling, driving and operating their said automobile on the public highway, and negligently, recklessly, maliciously, willfully and wantonly propelled said vehicle against the person of the plaintiff, and against his said automobile, to his injury and damage. This is a sufficient allegation of individual ownership, and unmistakably charges the defendants with driving and operating the automobile at the time and place of the accident. There is direct evidence in the record that L. C. Conner and L. S. Conner were operating this bus line, and that the driver was employed by, and was working for, the Conners. This evidence was corroborated by other evidence in the record, which was properly submitted to the jury for its consideration. Furthermore, the defendants presented no evidence to contradict the testimony of plaintiff's witnesses that the defendants, L. C. Conner and L. S. Conner operated this bus line. Neither of the defendants testified in his own behalf, nor did they respond in answer to the call of the plaintiff, twice made, for the defendants to take the witness stand, for cross-examination under the statute.

In *Campbell v. Creighton*, 63 Colo. 478, 486, 167 Pac. 975, we quoted, with approval, the following: "When a party refuses to produce evidence in his possession, or under his control, the presumption is that the testimony, if given, or the evidence, if produced, would be unfavorable to him. *Stock Exchange v. Board of Trade*, 196 Ill. 407, 63 N. E. 744.

"There are circumstances under which a failure to deny is equivalent to a positive admission. *U. P. Ry. Co. v. Hepner*, 3 Colo. App. 318, 33 Pac. 73."

We do not think the objection made to the ruling of the court denying the motion for nonsuit well taken.

The next point urged for reversal is that the court erred in refusing to direct a verdict for the defendants because it appears, as they contend, that the plaintiff stopped his automobile, and permitted it to stand on the travelled portion of the highway at the time of the accident, and, in so doing, was guilty of contributory negligence. Section 1271, C. L. 1921, provides: "(f) No vehicle shall be stopped or permitted to stand on the travelled portion of any public highway for the purpose of making repairs, except such repairs as it may be necessary to make in order to remove it therefrom; and no vehicle shall be stopped, permitted to stand, or be parked thereon for camping or any other purpose."

It is clear from the record that the plaintiff did not voluntarily stop his automobile on the highway. Without any warning or apparent cause the engine of his automobile suddenly stopped running. The car came to a full stop. When the motor stopped running his automobile was on the right side of the travelled highway, with the *right* wheels extending beyond the edge of the pavement, resting on the dirt embankment. In this situation the plaintiff immediately alighted from his car, and walked to the rear end of the automobile, for investigation, but before he had time to do so the driver of defendants' bus came up from the rear, and, without slackening his speed, attempted to pass the plaintiff's automobile on the right side thereof, and, in so doing, collided with the standing car, and struck the plaintiff, breaking his leg, and inflicting other injuries.

Under these circumstances, as disclosed by the record, the question of contributory negligence of the plaintiff was one of fact, for the determination of the jury, and not a question of law, for the court. There was no error in denying the motion for a directed verdict.

The defendants are not to be heard on their assignments of error number six and seven, because of their omission to observe the requirement of rule 32 of this court. They do not, in their assignment, "particularly

specify the evidence admitted" to which they object, or refer to the "folio numbers of the record where such rulings and exceptions appear," as required by the rule. We cannot ignore the existence of the rule, and encourage litigants in its nonobservance. We, therefore, decline to discuss those two assignments.

Defendants objected to the giving of instruction number four, for the reason, as they claim, that there was no testimony in the record showing loss of earning power. We find ample evidence in the record on which to base this instruction. The court seems to have fully and correctly stated the law applicable to the facts. We find no error in the instructions given.

Finding no reversible error, the supersedeas is denied, and the judgment affirmed. For the reasons stated, the former opinion is withdrawn.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WALKER concur.