No. 12,944.

WILSON ET AL. *v.* GIEM.

(5 P. [2d] 880)

Decided November 23, 1931.

Mr. THOMAS I. PURCELL, for plaintiffs in error.

Mr. H. T. McGARRY, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

MAUD Grace Giem sued J. P. Wilson and C. C. Lane to have a deed to certain lands, absolute on its face, with an option to purchase the property, declared to be a mortgage. The cause was tried to the court; judgment was for plaintiff against Wilson on all issues; the case was dismissed as to Lane. Wilson assigns error and asks for a supersedeas. We refer to Giem as plaintiff and to Wilson as defendant, as in the trial court.

Bills in equity for the purpose of having deeds absolute on their face declared to be mortgages in effect, are common. They are sanctioned by our Code of Civil Procedure and have been upheld by numerous decisions. Section 281, Code 1921; *Ver Straten v. Worth,* 79 Colo. 30, 243 Pac. 1104; *Hawkins v. Elston,* 58 Colo. 400, 412, 146 Pac. 254; *Reitze v. Humphreys,* 53 Colo. 177, 182, 125 Pac. 518; *Blackstock v. Robertson,* 42 Colo. 472, 474, 94 Pac. 336. "Equity has to do with the substance and reality of a transaction—not the form and appearance which it may be made to assume." *Reitze v. Humphreys, supra,* at page 182.

No error is assigned on the admission or rejection of any evidence, and we confine the discussion to the errors alleged. Defendant avers that the findings, judgment and decree are contrary to the evidence, but all essential allegations of the complaint as amended, were sustained by ample proof. It would serve no useful purpose to recite the affirmative and negative testimony; it would tend only to show its conflicting character, with the preponderance in plaintiff's favor. A rule that we have occasion to employ perhaps more frequently than any other is that findings of the trial court supported by competent evidence will not be disturbed on review. It was used in *Ver Straten v. Worth, supra,* where a quitclaim

deed to land, absolute on its face, was held to be in fact a mortgage.

It is assigned as error that the record shows the findings, judgment and decree to be the result of passion and prejudice, but the carefully prepared instrument signed by the learned trial judge indicates the opposite. It gives plaintiff only that to which she is entitled; it calls for the payment to defendant Wilson of all that is due him; it denies damages to either party; it is prefaced by sufficient pleadings and proof. In effect, the decree prevents Wilson from unlawfully acquiring the fee title to property shown to be worth from $6,000 to $7,500 for a debt of about $2,300, contrary to the evident purpose of the parties. Value is one test tending to show the character of the transaction. 19 R. C. L., p. 259, §27.

The substance of other assignments of error is that the judgment is contrary to law and the evidence. Able counsel's sweeping assignments that would challenge the whole range of law fail of their aim; they lack identification and thus deprive us of the opportunity to consider specific errors, if any. They are not in conformance with our rule 32. *Lundquist v. Eisenmann,* 87 Colo. 584, 587, 290 Pac. 277. When such assignments stand alone, as said Mr. Justice Campbell in the Lundquist case, it would justify an affirmance without written opinion if the rule were enforced strictly. Nevertheless we prefer to give our reasons in this instance. We find no error in the record; the judgment is just and will stand.

Judgment affirmed.

Mr. Justice Butler, Mr. Justice Moore and Mr. Justice Burke concur.