No. 12,628.

CUNNINGHAM ET AL. *v.* SNELLING ET AL.
(15 P. [2d] 713)

Decided October 24, 1932.

Mr. Waldo Riffenburg, for plaintiffs in error.

Mr. Mortimer Stone, Mr. L. R. Temple, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. Plaintiffs in error are hereinafter referred to as plaintiffs, defendant in error, Nellie Mae Snelling, as Mrs. Snelling, and defendant in error, Roy G. Cook, as Cook. One Fred Snelling, husband of Mrs. Snelling, whom we hereinafter refer to as Snelling, was also a defendant below.

A gasoline filling station standing in the name of Snelling was sold to Cook. Snelling was indebted to plaintiffs. They sought to hold Mrs. Snelling as a partner in the business, and Cook as a purchaser of merchandise coming under the bulk sales act without compliance therewith. At the close of the evidence the court ordered judgment of dismissal as to each defendant. The basis of this is obscure, but probably was that Snelling had been discharged in bankruptcy, that Mrs. Snelling was not his partner, and that the sale to Cook was not within the act mentioned.

The assignments of error are as follows: "I. The Court erred in failing and refusing to render judgment in favor of the plaintiffs in error against the defendant in error Nellie Mae Snelling; II. The Court erred in failing and refusing to render judgment in favor of the plaintiffs in error against the defendant in error Roy G. Cook; III. The Court erred in admitting over the objection of the plaintiffs in error self-serving declarations

and incompetent, irrelevant and immaterial evidence introduced for and on behalf of the defendants in error; IV. The Court erred in refusing over the objections of the plaintiffs in error certain competent, relevant and material evidence on their behalf.''

■ Our rule No. 32 provides: ''Each error shall be separately alleged and particularly specified; provided, That when errors are assigned upon exceptions to the ruling of the court in the admission or rejection of evidence, * * * it shall be sufficient to refer to the folio numbers of the record where such rulings and exceptions appear without particularly specifying the evidence admitted or rejected.''

It will thus be seen that the assignments before us present nothing for review. The first two do not indicate whether the alleged error complained of was of fact or law. The third and fourth fail to point out the evidence complained of or indicate where the ruling objected to may be found; and it appears from the abstract that there are in excess of 445 folios of the transcript, exclusive of numerous exhibits.

■ A demurrer to an answer was sustained with leave to amend. No amendment was made. Default and judgment on the pleadings followed. It was held that an assignment to the entry of judgment did not raise the question of the correctness of the ruling on the demurrer. *Godding v. Rossiter*, 20 Colo. App. 245, 77 Pac. 1094.

■ An assignment that the court erred in entering judgment and in overruling a motion for a rehearing is ''no assignment at all. It is merely equivalent to stating in general terms that the court * * * was wrong in its judgment.'' *Bitter v. Mouat L. & I. Co.*, 27 Colo. 120, 59 Pac. 403.

■ An assignment stating that the court erred in excluding or admitting evidence, without further particularity, ''cannot be considered.'' *Heinricy v. Richart*, 73 Colo. 156, 214 Pac. 391; *Andrew v. Carpet Co.*, 72 Colo.

472, 211 Pac. 378; *Conner v. Sullivan,* 84 Colo. 572, 272 Pac. 623.

We place our decision herein on the foregoing ground with less reluctance because convinced that, in any event, this judgment must be, as it hereby is, affirmed.