## No. 14,022.

### BUCHANAN *v.* BURGESS ET AL.
(62 P. [2d] 465)

Decided November 9, 1936.

Mr. O. Otto Moore, for plaintiff in error.

Mr. John Horne Chiles, for defendants in error.

*En Banc.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Buchanan, defendants in error as Burgess and Phillips respectively, and one Katherine McHugh, deceased, as McHugh.

Burgess and Phillips, alleging ownership and right of possession, brought ejectment against Buchanan to recover six lots in the city of Denver, and damages for detention. Buchanan admitted their ownership but denied their right of possession. This right he claimed under an oral contract for a ten year lease, on the faith of which he had made valuable improvements. He counterclaimed for specific performance of that contract, or $9,000 for the improvements plus the good will of a business established on the lots. McHugh was formerly the owner of said lots and it is alleged that Burgess and Phillips, who took as her heirs, did so with full knowledge of the contract. Trial was to the court and to review its judgment against Buchanan for possession and damages he prosecutes this writ and asks that the same be made a supersedeas. As will be observed from what is hereinafter said no further statement of facts is necessary. There are seven assignments which we consider in order.

1. The first assignment is, "That the court erred in admitting, over the objection and exception of defendant, incompetent, irrelevant and immaterial evidence";

and the second, "in rejecting competent, relevant, and material evidence offered on behalf of defendant."

Neither of these assignments is good under our Rule 32 as has been repeatedly held. *Strassheim v. Cole,* 14 Colo. App. 164, 59 Pac. 479; *Heinricy v. Richart,* 73 Colo. 156, 214 Pac. 391; *Conner v. Sullivan,* 84 Colo. 572, 272 Pac. 623; *Cunningham v. Snelling,* 91 Colo. 454, 15 P. (2d) 713.

2. The third assignment is, "That the judgment of said court is contrary to the evidence." This is completely answered by counsel's own brief wherein he states "that the testimony of plaintiffs' witnesses and that of the defense is in unusually sharp contrast. It is not in agreement upon one point of major consequence to the issues." That admission is supported by the record. Thus is presented a case of disputed facts found on conflicting evidence, with which, under the well established rule, we cannot interfere.

3. The fourth assignment is, "That the judgment of said court is contrary to the law"; and the fifth, "that the judgment of said court is contrary to the law and the evidence."

These assignments are equally insufficient. *Ohio Cas. Ins. Co. v. Colo. P. C. Co.,* 97 Colo. 541, 51 P. (2d) 591.

4. The sixth assignment is, "That the said court erred in overruling and denying defendants' motion for a new trial." This assignment can not be considered. *Kobebell v. Diers Bros. & Co.,* 87 Colo. 67, 285 Pac. 165.

On all the foregoing assignments see also our Rule No. 32, not here quoted because set out in several of the foregoing authorities.

5. The seventh assignment is, "From the record in said cause it affirmatively appears that the judgment entered by the court was obtained by false and perjured testimony without the introduction of which a judgment for the defendant would be mandatory."

False testimony is not one of the grounds for a new trial enumerated by the Code. Civil Code, p. 148, C. L.

1921, §237. In some jurisdictions it appears that false testimony is ground for a new trial, in others not. Where it is so it must be clearly established, and that the testimony was by a party, or induced by him, and generally that the witness has been convicted or is dead. 46 C. J. p. 230, §186.

■ The reason for all this is obvious. If every judgment could be attacked on a mere allegation, supported by affidavit, that perjury had been committed, the same showing could be made as to each succeeding judgment and litigation be endless. Counsel for Buchanan, in support of his contention that perjury is a sufficient ground for a new trial, cite the following: *Wells Fargo & Co. v. Gunn,* 33 Colo. 217, 79 Pac. 1029; *Colo. S. & I. Ry. Co. v. Fogelsong,* 42 Colo. 341, 351, 94 Pac. 356; *Lowell v. Hessey,* 46 Colo. 517, 105 Pac. 870; *Denver City Tram. Co. v. Brier,* 60 Colo. 235, 152 Pac. 901; *Whipp v. People,* 78 Colo. 134, 241 Pac. 534. An examination of these discloses that while perjury was involved the basis for the motion in each was simply ''newly discovered evidence.'' We think it clear that in this jurisdiction where the contention is that perjury has been committed the motion for a new trial must be grounded upon newly discovered evidence. Since such was in fact the affidavit here filed in support of the motion, and since such is the contention, we consider this assignment, notwithstanding its insufficiency, as an assignment of error in overruling a motion on the ground of newly discovered evidence. In such cases a considerable discretion must generally be, and is, vested in the trial judge, and his ruling will not be reversed save for abuse thereof. *Walsmith v. Hudson,* 77 Colo. 326, 236 Pac. 783; *Trinidad C. Co. v. McDonald,* 82 Colo. 328, 332, 259 Pac. 1028. No such abuse is here shown.

■ A more serious defect, however, is that the supporting affidavit is insufficient. It is made by Buchanan on information and belief. How he learned what the two witnesses therein mentioned would testify to is not disclosed. The residence of one does not appear. It is al-

leged that the other is in Denver. Their affidavits are not presented and that failure is unexplained. The allegations of diligence are mere conclusions unsupported by facts.

If the affidavit of the proposed witness is not produced a valid reason for such failure must be given. *Colo. Springs and I. R. Co. v. Allen,* 48 Colo. 4, 10, 108 Pac. 990; 20 R. C. L., p. 309, §91. The affidavit must show why the evidence was not discovered in time and how it was finally discovered. *Beach v. Schroeder,* 47 Colo. 312, 320, 107 Pac. 271. Diligence must be made to appear. *State ex rel. S. I. Comr's v. Nelson,* 75 Colo. 98, 223 Pac. 1086.

For the foregoing reasons the judgment is affirmed.

Mr. Chief Justice Campbell not participating.

Mr. Justice Holland dissents.