## No. 13,780.

### Newton Lumber Company v. Oberto.

(63 P. [2d] 456)

Decided December 14, 1936.

Messrs. Bryant & Stubbs, for plaintiff in error.

Messrs. Moynihan, Hughes & Knous, for defendant in error.

*In Department.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as the Newton company, defendant in error as Oberto, and the

Wilson Lumber and Mercantile Company as the Wilson company.

The Newton company sued Oberto and the Wilson company to recover approximately $3,000 for lumber sold the latter, and, as is said, guaranteed by Oberto. That guaranty was a written statement that if the Wilson company did not pay the Newton company in monthly installments for the lumber already sold and delivered, as it was resold, Oberto would. Oberto answered denying consideration. Other pleadings, save a motion hereinafter mentioned, need not be noticed. Trial was to the court and judgment went against the Newton company and in favor of Oberto. To review the latter the Newton company prosecutes this writ. There are six assignments. The first goes to the sustaining of an objection to a single question. Where in the record that ruling is to be found we are not advised and the assignment seems trivial. The second is that the "findings" in favor of Oberto are contrary to the evidence; and the third is that the "findings" in favor of Oberto are contrary to the law. The judgment is general and the abstract discloses no findings. The fourth is that the court erred in entering judgment for Oberto for costs. The sixth is that the judgment in favor of Oberto "is contrary to the law." Under repeated rulings of this court the third, fourth and sixth assignments present nothing, even if there were findings. *Buchanan v. Burgess,* 99 Colo. 307, 62 P. (2d) 465. The fifth assignment is that the judgment is contrary to the evidence. This presents the sole question of consideration for the guaranty.

This written guaranty expresses no consideration upon its face and appears a mere offer. The only evidence of its acceptance is that it was retained by the Newton company. Apparently to cure these defects the Newton company was permitted, over objection, to amend its reply to allege that the writing was "in confirmation of oral guaranty made to the plaintiff at the time of the execution of the principal contract herein sued

upon.'' Assuming that this amendment was properly allowed, and passing the contention that the oral guaranty, if made, was within the statute of frauds, the writing thus becomes immaterial if there was no such oral agreement. As to the latter the most that can be said is that the evidence is in conflict, and as against a general judgment we must assume that the court found it did not exist. No good purpose could be served by abstracting and analyzing this evidence. It cannot be reconciled. The respective arguments rest upon divergent theories of it. To select as between these was the province of the trial court and we are powerless to interfere with its conclusion.

We thus dispose of this case with no reluctance because upon an examination of the entire record our conclusion is that the judgment was proper and just.

Judgment affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.