No. 14,378.

EFSIEVER *v*. THE PEOPLE.
(96 P. [2d] 8)

Decided September 18, 1939. Rehearing denied November 13, 1939.

Mr. Isaac Mellman, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Reid Williams, Assistant, for the people.

*En Banc.*

Mr. Justice Francis E. Bouck, delivered the opinion of the court.

The defendant was convicted of statutory rape. The testimony of both the defendant and the prosecutrix shows beyond all question that he had sexual intercourse with her on the night of September 15, 1936, a few hours after he had met her for the first time. It occurred in his own room at the hotel where he was living and of which he was manager. The prosecutrix testified on the witness stand that she was born on May 15, 1920, though she had told the defendant she was twenty-two years old. He himself testified that later "he became suspicious" and that she then told him she was twenty. Her testimony at the trial was neither shaken by cross-examination nor contradicted by other evidence. If she was actually under eighteen at the time of the act charged, he was clearly guilty whether he did or did not know that she was under the statutory age of consent, unless they were then and there husband and wife.

At the close of the people's case the defendant made a motion for a directed verdict of not guilty. The motion was based solely on the ground that he and she were common-law husband and wife. There is in the record no competent evidence tending to prove a common-law marriage as existing at the time of the aforesaid act on which the conviction was had. The motion was therefore properly overruled.

 The defendant's present attorney — who, be it said, took no part in the trial below — further argues, however, that the district court committed prejudicial error by admitting over the defendant's objection certain evidence tending to show that a week or two after first meeting the prosecutrix the defendant proposed and encouraged a system of illicit intercourse for money with other men at hotels through the intervention of bellboys whose names she claimed he supplied to her for the purpose of contacting the men with such misconduct in view. This evidence is now assailed as relating to "other offenses" than the one charged.

An all-sufficient answer is that no attempt was made to assign any error in this connection. Supreme Court Rule 32 reads as follows: "Plaintiff in error shall assign errors in writing at the time of filing the record and each error shall be separately alleged and particularly specified; *Provided,* That when errors are assigned upon exceptions to the ruling of the court in the admission or rejection of evidence, which go to the same point, it shall be sufficient to refer to the folio numbers of the record where such rulings and exceptions appear without particularly specifying the evidence admitted or rejected. * * *"

Interpreting the foregoing rule we have said: "An assignment stating that the court erred in excluding or admitting evidence, without further particularity, 'cannot be considered.' *Heinricy v. Richart,* 73 Colo. 156, 214 Pac. 391; *Andrew v. Carpet Co.,* 72 Colo. 472, 211 Pac. 378; *Conner v. Sullivan,* 84 Colo. 572, 272 Pac. 623." *Cunningham v. Snelling,* 91 Colo. 454, 456, 15 P. (2d) 713. See also: *Buchanan v. Burgess,* 99 Colo. 307, 62 P. (2d) 465; *Wilson v. Giem,* 90 Colo. 27, 5 P. (2d) 880; *Shepherd v. People,* 25 Colo. 251, 225 Pac. 221; *Patton v. People,* 74 Colo. 322, 221 Pac. 1086. True, Supreme Court Rule 35 says: "Counsel will be confined to a discussion of the errors stated, but the court may, in its discretion, notice any other error appearing of record."

Under the last quoted rule this court has on rare occasions exercised the right to notice errors not properly covered by assignments of error, in cases where the trial court's jurisdiction was lacking. Instances are found in *Ikeler v. Ikeler*, 84 Colo. 429, 271 Pac. 193; *Baker v. Denver Tramway Co.*, 72 Colo. 233, 210 Pac. 845; *Universal Co. v. Tenery*, 96 Colo. 10, 39 P. (2d) 776. (In *Reppin v. People*, 95 Colo. 192, 34 P. [2d] 71, mentioned in the dissenting opinion, the assignment of error was not lacking.)

This discretionary power has never been exercised to our knowledge where the record in a criminal case reveals that the defendant has unconditionally admitted the act which constitutes the crime of which he has been convicted.

■■ However, aside from the fatal omission of the assignment of error, there would be at least two reasons why counsel's argument in this instance must fail. First, the evidence in regard to the so-called "other offenses" came in connection with cross-examination of the prosecutrix conducted by defendant's counsel, who introduced an exhibit in the form of a bank book as tending to prove a common-law marriage, whereas the evidence complained of tended to explain the exhibit in a way which negatived such marriage altogether. The defendant cannot complain of a trial situation which he has himself brought about. Secondly, the lower court did not err in admitting the evidence of the alleged procurement by the defendant as tending to bear on the issue whether there was a common-law marriage as claimed by him. The reprehensible conduct in question is utterly inconsistent with the bona fide intent required to constitute a common-law marriage and inevitably negatives the latter.

The instructions fully and fairly covered every phase of the case. There was no objection by the defendant to any of the instructions given, nor any request by him for additional instructions. Among the given instruc-

tions was the familiar one to the effect that the people are not bound by the date alleged in the information, but may prove any date within the period of limitations. September 15, 1936, was the date relied upon in the evidence throughout the trial, without the slightest objection from the defendant. No point was made, either in the trial court or by assignment of error or argument before us, in this regard.

 Since the defendant, confessedly convicted of a felony in another jurisdiction, admits the act constituting the crime of which the jury found him guilty here, it would be strange indeed if we were to grant a new trial on the strength of what at most could be merely a technical error.

The record before us fails to show any error that is prejudicial.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE BAKKE and MR. JUSTICE OTTO BOCK dissent.

MR. JUSTICE OTTO BOCK dissenting.

I regret my inability to concur in the affirmance herein. The information alleged that the offense was committed February 26, 1937. At the trial the people selected the date of September 15, 1936, as the time of the commission of the offense. The testimony of other offenses related to a period approximately two weeks subsequent to that date. When the court admitted that testimony there was no evidence then, or at any time thereafter, of the existence of a common-law marriage on September 15, 1936. Its scope was in no way limited by the court in its instructions to the jury. The admission of this evidence was highly prejudicial. It is true that this error was not raised in the assignments. However, we have held that we may take notice of it when it is necessary to do justice. *Baker v. Denver Tramway Co.,* 72 Colo. 233, 210 Pac. 845; *Universal Indemnity Ins.*

*Co. v. Tenery,* 96 Colo. 10, 39 P. (2d). 776; *Reppin v. People,* 95 Colo. 192, 34 P. (2d) 71. Surely, the responsibility of the administration of justice in a criminal trial is not solely limited to counsel for the defendant.

The judgment should be reversed and the cause remanded, with instructions that a new trial be granted.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur in this opinion.