No. 15,295.

BIEBER *v.* BIEBER.
(148 P. [2d] 369)

Decided April 10, 1944.

Messrs. SCHAETZEL & KNIGHT, for plaintiff in error.

Mr. CHARLES J. MUNZ, Mr. WILLIAM H. SCOFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an action concerning a division of property following a suit for divorce.

Prior to August 29, 1941, the parties hereto were husband and wife. Differences developed between them culminating in a suit for divorce brought by defendant in error, the husband, on grounds of cruelty and desertion. The wife filed a cross complaint based upon alleged cruelty and nonsupport. The matter was tried to a jury which found in favor of the husband, and an interlocutory decree was entered on the verdict which in due course became final on the aforementioned date. Reference will be made to the parties as in the court below, or as husband and wife.

In the prayer of plaintiff's complaint he asked that the residence at 73 South Washington street, in which he and his wife had resided during their married life, be decreed to be his sole property. Ruling on this request was deferred and a trustee was named to collect the rent, pay the taxes and maintain the property. September 10, 1941, the husband filed a motion to determine ownership and income of the property in question, which motion was heard on January 16, 1942. Testimony was taken, including a deposition of the wife

who then was residing in a foreign country. The court found, inter alia: "That the plaintiff herein, Fred Bieber, furnished all the money to purchase said property, and in truth and in fact, is the owner in fee thereof, * * * And the court further finds, that * * * $520.73 of the funds in * * * joint savings account is the sole property of Fred Bieber. That neither * * * Margaret Bieber nor Martha Kuechenthol has any right, title, interest or claim * *. * thereto." It was ordered, "that Fred Bieber, the plaintiff herein, is the owner in fee simple of" the real estate in question, and, "That this order shall act as and be a conveyance of the record title from the said Margaret Bieber, to the said Fred Bieber."

The specification of points upon which defendant relies for reversal are: "1. The trial court erred in finding that the plaintiff furnished all the purchase money of said real estate, and that the defendant had no valid interest therein. 2. The trial court further erred in awarding to the plaintiff the title to said real estate. 3. The trial court further erred in awarding to plaintiff the balance of funds accruing from rentals from said property." These specifications of error may be considered together.

At the outset, we may agree that finding of the trial court that plaintiff "furnished all the purchase money of said real estate," was not technically correct. It is no doubt true that some of the money that went into the bank account, and which was used to pay for residence property, was actually earned by defendant, but we are of the opinion that the portion representing her share of the earnings used in the purchase of the property — and as to that the evidence is nil — was so small in its relation to the entire transaction as to be immaterial. She says she earned about $800 during the time they lived together.

The contending parties were married April 18, 1931, and defendant deserted plaintiff without cause in 1937,

returning with her mother to the land of her birth. The evidence is undisputed that from 1931 to 1937, inclusive, plaintiff earned $9,493.08 as an employee of the Burkhardt Iron Works, and that, in addition, he earned other sums working at, and for, various concerns or individuals during this period. At the time of the hearing he had a balance of about $900 remaining of his earnings during those years. The record shows that he applied $2,000 on the purchase of a house of his own. A house also was purchased for the mother-in-law. As to that property he testified as follows: "Q. Did your wife help her mother to buy this house? A. Sure. She had the money all in one bank book and this house was paid for, and she gave me $600 and then she bought an $1,800 house, cash." He did not know how much of his money was in the bank at that time.

The record also discloses that he turned over all his earnings to his wife before she left and that she had full charge of their disposition; that he inherited about $400 from his father's estate in a foreign country which was turned over to his wife who was residing over there at that time; that at the time the property at 73 South Washington street was purchased for $1,600, the mother-in-law furnished about $500, which he says he repaid, and that the balance was paid by the proceeds of a life insurance contract he had; that he improved the property by building a fence around it, putting in a full basement, putting on a new roof, painting the house and sowing grass seed to start a new lawn; that he put in an automatic heater and papered the rooms. He testified that when defendant left the United States in July, 1937, "she took everything. I was broke."

At the time the house in question was purchased, the title was placed in defendant's name, because she explained that it was best for him to do so.

As to the bank account, the trustee's figures show that it represents rent collected from both the mother-in-law's house and the one at 73 South Washington street.

The net amount deposited to defendant's account was $1,100.45, of which she withdrew $579.72, leaving a balance of $520.73 which the court decreed to plaintiff. There was no abuse of discretion in this action of the court.

■ There is considerable conflict in plaintiff's statements and those of his wife contained in her deposition. Some of the testimony is unintelligible. The record in the divorce proceedings is not before us so we must accept as true the finding of the jury that defendant was guilty of cruelty and desertion without cause.

■ ■ Under section 8, chapter 56, '35 C.S.A., the court, in a divorce action, may decree a division of the property belonging to the parties, and in *Ikeler v. Ikeler,* 84 Colo. 429, 271 Pac. 193, we held that, "in a proper case," the court may order "a transfer from the wife to the husband even of property which he has conveyed to her." We think the case at bar is such a case, and that the trial court did not abuse its discretion in awarding the property and the proceeds therefrom to plaintiff.

Counsel for defendant rely on the case of *Van Gordor v. Van Gordor,* 54 Colo. 57, 129 Pac. 226, and say that case and the one at bar "are extremely alike." A reading of the opinion in the former discloses the contrary to be true, for we there said, "certainly when the wife is forced by the misconduct of the husband to seek separation, she ought to receive sufficient property to support her comfortably * * *." While the guilty party is not necessarily to be penalized in the division of property, the judicially established conduct of the wife in the case at bar does not justify special consideration in her behalf.

We perceive no prejudicial error in the trial or disposition of the case.

Judgment affirmed.

Mr. Justice Hilliard and Mr. Justice Jackson dissent.