No. 25290

**The People of the State of Colorado v. Mark Green**
(514 P.2d 769)

Decided October 1, 1973.          Rehearing denied October 23, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a conviction of first-degree rape, C.R.S. 1963, 40-2-25(1)(b). We affirm.

The defendant, 21 years of age, was convicted of the first-degree rape of a 15-year old female. The facts offered at trial showed that the defendant had met the victim on July 4, 1970. Both the victim and defendant had been drinking. At the defendant's insistence, the girl accompanied him for a ride in his automobile. Upon returning, the victim was hysterical and related what the defendant allegedly had done. Her mother took her to a doctor for a medical examination. The examination revealed that the girl had recently had sexual intercourse. There was no evidence that the intercourse had been forcible.

As grounds for reversal, the defendant presents five questions for review. Each issue and the facts which are relevant to that issue will be discussed separately.

## I.

Defendant first contends that his conviction and sentence deny him equal protection of the law because statutes dealing with the crime of rape discriminate between the sexes.

Defendant was convicted and sentenced under the following statute:

"40-2-25. *Rape.* — (1)(a) Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person or male and female persons, where such female person is not the wife of the principal perpetrator, as distinguished from accessory to such offense, under any of the following circumstances:

"(b) By the male person where the female person is unmarried, and where the female person is under, and the male person is over the age of eighteen years; and this is rape in the first degree."

Another section of the same statute provides for third-degree rape as follows:

"(k) By the female person of whatever age, not being an accessory as defined in subsection (1)(1) of this section, where the male person is under the age of eighteen years, where such sexual intercourse is had at the solicitation, inducement, importuning or connivance of such female person, or where such female person was at the time of commission of such offense, a free, common, public or clandestine prostitute, and the male person was, prior and up to the time of commission of the offense, of good moral character; and this is rape in the third degree."

Defendant argues that first-degree rape can only be committed by a male and that conviction under section 40-2-25 (1)(b) is punishable by sentence from 3 years to life; that third-degree rape by a female with a male is punishable by a fine of not more than $1,000 and from one to five years imprisonment. C.R.S. 1963, 40-2-28. Defendant argues that the disparity in both degree of the crime and the possible sentence deny him equal protection of the law.

■ It is clear today that legislative classifications based solely on sexual status must receive the closest judicial scrutiny. Colo. Const., Art. II, § 29; *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). We hold, however, that the defendant's reliance on the equal

protection clause is without merit.

■ Females may be charged with third-degree rape and males with first-degree rape. But each degree of rape has distinct elements which differ. Under C.R.S. 1963, 40-2-25(1)(k), solicitation, inducement, importunement and connivance or sexual activity for gain are essential elements of the crime of third-degree rape by a female. First-degree rape by a male has no equivalent elements. Females of any age are criminally liable, males must be at least eighteen years old. Thus, though the defendant has juxtaposed these sections of the statute as if they were entirely similar save for the sex of the perpetrator and the penalty received, they are different in respects which are totally unrelated to the sex of the perpetrator. In short, there is no classification based solely on the sexual status of the one charged under each statute. The legislature created two types of crimes as has been done in other areas, such as distinguishing between minors and adults in connection with the same or similar offenses.

## II.

■ The defendant next argues that the People failed to show that he knew or should have known that the victim was under 18 years old. This defense, usually referred to as the "reasonable mistake of age" defense was not asserted in the trial. That it was not available as a defense is manifest by its rejection by this court in *Efsiever v. People,* 105 Colo. 88, 96 P.2d 8 (1939). The basis for our rejection then, as now, was that the legislature was the proper forum for the creation of exceptions to state statutes. *See also, Creacy v. Industrial Commission,* 148 Colo. 429, 366 P.2d 384 (1961). After 1939, when *Efsiever* was decided, the legislature had ample opportunity to change the statute. The criminal code was revised in 1953, C.R.S. '53, 40-2-25, and again in 1963, C.R.S. 1963, 40-2-25. Both times the statute went unchanged. Then in 1971, the statute was amended to permit the reasonable mistake of age defense, 1971 Perm. Supp., C.R.S. 1963, 40-3-411. This enactment took effect after the commission of the crime in this case, and that defense is

therefore unavailable to this defendant.

III.

The defendant's third point for reversal is that he was denied due process of law because the sheriff, who was a witness for the People, also acted as bailiff. The argument has no merit under the facts of this case. The record indicates that a Mr. and Mrs. Bill Schultz were the bailiffs. Apparently they took the jury to meals and were with them during all recesses. The sheriff was not a material witness. His testimony was limited to verifying the statement of the victim when she described the place where the alleged rape took place. It was cumulative in nature as she gave similar testimony at the trial. The role of the sheriff as a court officer was that he was instructed by the trial judge, *after* defense counsel specifically waived any objection, to notify an excluded witness to come into the courtroom. The witnesses were sequestered in another building. As we read the record, this was the full extent of the sheriff's duties, and he had no contact with the jury or the witnesses. Mr. and Mrs. Schultz were with the jurors at all other times.

In *Gonzales v. Beto,* 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787 (1972), the Supreme Court reaffirmed the principle first annunciated in *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), that due process was denied where a material witness also acted as bailiff and had continual association with the jury.

In *Gonzales,* however, it was recognized that "association with the jury by a witness whose testimony was 'confined to some uncontroverted or merely formal aspect of the case for the prosecution' would hardly present a constitutional problem. * * * And it indicated a mere 'brief encounter', by chance, with the jury would not generally contravene due process principles. 405 U.S. at 1054, 92 S.Ct. at 1505, 31 L.Ed.2d at 788, quoting *Turner v. Louisiana, supra.*" We believe the exceptions in *Turner,* coupled with the waiver of objection by defense counsel, are controlling here.

In *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972), this court ruled a similar incident (wherein the sheriff

was not in charge of the jury) not to be within the scope of *Turner*. However, we expressed the opinion that using a sheriff who is a witness as court officer in a trial should be avoided even if not reversible error. We reiterate that cautionary direction to trial judges.

### IV.

As a fourth ground for reversal, defendant contends that he was prejudiced by the presence of the victim's father in the courtroom and his threatening of witnesses. During the trial, the father was allowed to remain in the courtroom. On the second day of trial, defense counsel announced in chambers that the father had told an acquaintance of the defendant that, if a conviction were not forthcoming, the defendant would never leave the courtroom alive. The informant-acquaintance was not a witness at trial. On motion of the defendant, the court ordered that the sheriff provide adequate protection for the defendant. Defendant urges, nonetheless, that the presence of the father was an intimidating influence which denied him a fair trial. He cites no authority in support of his view.

The right to a trial free from all partiality is fundamental to our criminal process. Intimidation and fear subvert that principle. In this case, we see no evidence to indicate that such fear was present. Indeed, the evidence is to the contrary. The defendant took the stand and denied intercourse with the victim. In substance, he was calling the victim's father, the complaining witness, a liar. The only other individual who is alleged to have been intimidated by the father is the informant-acquaintance. He was not a witness at the trial, and later filed a post-trial affidavit which contradicted the victim's account of events. These actions by the defendant and the informant-acquaintance are not the indicia of intimidation. We see no prejudice to the defendant as a consequence of the father's presence in the courtroom. *See also, Jorgensen v. People,* 178 Colo. 8, 495 P.2d 1130 (1972).

### V.

As his final ground for reversal, the defendant

argues that the trial court erred in its instructions to the jury. We need not decide whether the instructions were improper because counsel for the defendant entered only a general objection to the instructions given. We have repeatedly held that trial counsel must specify which instructions he is objecting to and tender correct instructions. *Brown v. People,* 158 Colo. 561, 408 P.2d 981 (1965); Crim. P. 30. Having failed to object at the trial, the issue cannot be raised on appeal. *Arellano v. People,* 177 Colo. 286, 493 P.2d 1362 (1972); *Morehead v. People,* 167 Colo. 287, 447 P.2d 215 (1968).

The judgment is affirmed.